**Ex parte Monte Jay TARVER.**

**No. 0960–85.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 3, 1986.

admitted unadjudicated offense.

Michael Ramsey, George H. Tyson, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Eleanor M. McCarthy, Asst. Dist. Atty., Robert Huttash, State's Atty., Houston, and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

This is an appeal from a denial of a pretrial writ of habeas corpus alleging that trial on the merits will subject applicant to double jeopardy. As this Court has recently reaffirmed in *Ex parte Rathmell*, 717 S.W.2d 33 (Tex.Cr.App.1986), appeal from the denial of a pretrial writ based on such a claim is proper. *Ex parte Robinson*, 641 S.W.2d 552 (Tex.Cr.App.1982).

Applicant was found guilty of the offense of possession of cocaine on March 30, 1983, and was granted probation for a period of ten years in accordance with Art. 42.12, Sec. 3, V.A.C.C.P. Among the conditions of applicant's probation was that applicant "[c]ommit no offense against the laws of this or any other state or of the United States ..."

On January 19, 1984, applicant was charged by information with assault. As a result, on January 25, 1984, the State filed a motion to revoke applicant's probation, based on the allegation that applicant had violated the terms of his probation by committing the same assault. On March 2, 1984, a probation revocation hearing was held in district court. After hearing the evidence offered by the State, the trial judge granted a defense motion to find the allegation not true, adding, "I find the evidence in this case to be totally incredible." The motion to revoke probation was denied.

Applicant then filed an application for writ of habeas corpus in the county criminal court at law where the assault charge was pending. He asked that the charge be dismissed because the ruling of the district court at the probation revocation hearing represented a finding that applicant was not guilty of the charged assault, and the State was therefore barred from prosecuting him for the same offense. On November 16, 1984, a hearing was held in the county court and the trial court denied the relief sought.

On appeal, the First Court of Appeals reversed the decision of the trial court,

granted relief, and ordered the information and the prosecution dismissed. *Ex parte Tarver*, 695 S.W.2d 344 (Tex.App.—Houston [1st Dist.] 1985). We granted the State's petition in order to review the decision of the Court of Appeals.

The State argued that there was no double jeopardy in prosecuting applicant for assault because applicant had never been placed in jeopardy at the revocation hearing, because such hearings are " 'administrative in nature,' according to *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App.1978)." *Tarver*, supra at 347.[1] The Court of Appeals rejected this argument, quoting *Breed v. Jones*, 421 U.S. 519, 528, 95 S.Ct. 1779, 1785, 44 L.Ed.2d 346 (1975), for the proposition that, "Jeopardy denotes risk," and concluding, "Appellant faced far greater risk in the probation revocation hearing than he now does in the county court assault prosecution. The maximum punishment he could have received in the probation revocation hearing was 10 years, compared to one year and a $2,000 fine in the county court case." *Id.*

■ The fact that applicant was twice placed in risk of punishment, however, does not mean that he had been subjected to double jeopardy. The double jeopardy proscription of the Fifth Amendment to the United States Constitution protects an accused against being twice placed in jeopardy of punishment for "the same offence."

In the instant case, if the district court had revoked applicant's probation, the punishment he received would have been for the offense of which he was originally convicted, possession of cocaine. In the county criminal court at law, applicant faces the risk of being punished for the subsequent offense, assault. He is not, therefore, being twice placed in jeopardy for the *same* offense. The difference in the ranges of punishment only illustrates this point. This rationale was one basis for this Court's recent decision in *Chambers v. State*, 700 S.W.2d 597 (Tex.Cr.App.1985):

> "[W]e hold that the double jeopardy provisions of the Texas and the United States constitutions are not offended when evidence used in a successful or unsuccessful attempt to revoke 'regular' probation or deferred adjudication probation is later used to prosecute the defendant in a different case."

*Id.* at 599.[2] Similarly, basic double jeopardy protections would not be violated by subjecting applicant to prosecution for assault.

■ The Court of Appeals held, however, that the corollary doctrine of collateral estoppel bars the State from now prosecuting applicant for assault after having failed to prove "identical allegations" in the probation revocation hearing. We agree.[3]

---

1. The decision in *Davenport* was criticized by the Court of Appeals, and has been criticized by other writers, see Note, Davenport v. State, 10 Tex. Tech L.Rev. 1205 (1979); Note, Texas Development, Double Jeopardy, 7 Am.J.Crim.L. 277, 281 (1979).

2. In *Chambers*, the defendant had been granted deferred adjudication probation for the offense of unauthorized use of a motor vehicle. Subsequently, the State brought a "Motion to Impose Guilt," alleging that the defendant had committed the offense of aggravated robbery. The trial court granted the motion and assessed punishment, for the original offense, at ten years confinement. The defendant was then tried and convicted of the aggravated robbery. Collateral estoppel did not bar the subsequent prosecution because in the probation revocation the trial court had found the allegation true. Nor, as applicant concedes, would collateral estoppel prevent the State from using the same evidence in his case to attempt to have his probation

revoked *after* a finding of not guilty on the assault charge. *McDonald v. State*, 608 S.W.2d 192 (Tex.Cr.App.1980) (Opinion on State's Motion for Rehearing). In such a case the not guilty verdict would mean that the State had failed to prove the allegation beyond a reasonable doubt, but it could still attempt to prove the same allegation by a preponderance of the evidence, by moving to revoke probation. Our holding in the instant case applies only to the particular sequence of events now before us.

3. Collateral estoppel was not an issue in *Chambers*. We note that one need not be twice placed in jeopardy of criminal punishment in order for collateral estoppel to apply. See *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 233–34, 93 S.Ct. 489, 491, 34 L.Ed.2d 438 (1972) (collateral estoppel would bar a civil forfeiture proceeding if the elements of such forfeiture had been resolved against the government in an earlier criminal proceeding).

The motion to revoke probation, filed in the district court, alleged that applicant had violated the terms of his probation in that he did

"unlawfully, intentionally and knowingly cause bodily injury to Anthony D. Appolito, hereafter styled the Complainant, by striking the Complainant with his fist and kicking the Complainant with his feet."

The information filed in the county criminal court at law charged applicant with assault in the identical language. A full hearing was held in the district court on the motion to revoke probation. The State called three witnesses, including the alleged complainant of the assault. After the State rested, defense counsel immediately moved that the court "find the allegation not true. I have witnesses and am prepared to go forward, but I believe it is my obligation to urge this motion just as though we were in trial ..." Defense counsel asserted that the State had offered no "clear and convincing proof" that a crime had been committed, and again moved the court to enter a finding of not true. After hearing argument from the State the trial court granted that defense motion, adding, "I find the evidence in this case to be totally incredible."

Subsequently, in the county court at the habeas hearing, applicant and counsel for the State entered into a stipulation as to what witnesses would appear and what their testimony would be in the prosecution for assault. This stipulation stated, inter alia, that the complainant would again testify and that "his testimony in the assault case ... would be the same as that testimony given ... in the hearing on the Motion to Revoke Probation ..."

The Supreme Court of the United States has stated that the doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469, 475 (1970). The doctrine is not to be applied hypertech-

nically, but requires a reviewing court to examine the record to determine just what issue has been foreclosed between the parties. *Id.* "To state the distinction in more prosaic terms, the traditional bar of double jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime." *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex. Cr.App.1981) (Rehearing denied en banc), quoting *United States v. Mock*, 604 F.2d 341 (CA5 1979).

Applying this test to the instant case, it is clear that a fact issue, i.e. whether applicant assaulted the complainant, has been found adversely to the State. The trial court is the sole trier of fact at a probation revocation hearing. *McDonald*, supra at 199; *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Cr.App.1981). As such, the district court found that the allegation the State sought to prove in the revocation hearing, that applicant had assaulted the complainant, is not true. The State is now attempting to relitigate that same issue. The doctrine of collateral estoppel bars such a relitigation.

The State argues that the finding of not true by the district court is not a finding of fact such as will bar subsequent relitigation of the same fact, because it was made in the course of a hearing on a motion to revoke probation, which has been held to be administrative rather than judicial in nature. *Davenport*, supra. The Court of Appeals held, however, and we agree, that the rationale of the Supreme Court in *Breed v. Jones*, supra, is adverse to the State's position. In *Breed* the State filed a petition to adjudge the 17-year-old defendant a delinquent, alleging that he had committed robbery while armed with a deadly weapon. After a hearing, the juvenile court sustained the petition. The State then sought to have the defendant certified and tried as an adult. The Supreme Court held that such a prosecution would violate the Double Jeopardy clause of the Fifth Amendment, made applicable to the states through the Fourteenth. The Supreme

Court refused to accept the State's argument that jeopardy had not attached at the juvenile adjudication proceeding because such a hearing is civil in nature. The Court held that courts must look beyond such "label[s]-of-convenience" and determine the true nature of the proceeding.

We believe the same reasoning applies in the instant case. *Davenport, supra,* citing three opinions by courts of appeals, held that "res judicata does not apply to administrative decision-making." 574 S.W.2d at 76. The Supreme Court of the United States, however, has held otherwise:

> "Occasionally courts have used language to the effect that *res judicata* principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose."

*United States v. Utah Construction and Mining Company,* 384 U.S. 394, 421–22, 86 S.Ct. 1545, 1559–60, 16 L.Ed.2d 642 (1966). To simply label a probation revocation hearing "administrative in nature," therefore, does not end the inquiry. A probation revocation is administrative in that it deals with the trial court's supervision of probation. However,

> "Probation in this state is supervised by the court and not by an administrative agency. Art. 42.12, V.A.C.C.P. The proceeding to revoke probation, although not the same as a criminal trial, requires substantially all the same procedure."

*Whisenant v. State,* 557 S.W.2d 102, 104 (Tex.Cr.App.1977). To the extent that a probation revocation hearing involves a trial court acting as finder of fact, after a full hearing on an issue at which both the State

and an accused are represented by counsel, the court is certainly "acting in a judicial capacity." To that extent, therefore, we must determine whether the *Ashe v. Swenson* test was met. The questions to be asked are: Has a fact issue already been determined, adversely to the State, in a valid and final judgment between the same parties? Is the State now trying to relitigate that same fact issue? *Dedrick, supra.* In the instant case, we find that the fact the State now seeks to prove has already been resolved adversely to the State. The parties were the same as they would be in the county court prosecution. The allegation the State sought to prove was identical. The hearing was before a district court judge acting as finder of fact. The major difference between the two proceedings was the standard of proof, but it was the *lower,* "preponderance of the evidence," standard the State failed to meet in the revocation hearing. Having failed to meet that burden, the State is now attempting to relitigate the same resolved fact issue, under a higher burden of proof.[4]

Furthermore, the decision of the district court was a final judgment in that: (1) If the court had revoked applicant's probation, that decision would have been appealable as is any other final judgment. Art. 42.12, Sec. 8(b), V.A.C.C.P. (2) If the court had instead continued applicant on probation, that decision would not have been subject to alteration. "The record in this case [citations omitted throughout] clearly shows that the trial court continued appellant on modified probation and did not revoke the probation after a violation of the conditions of probation was shown at the earlier hearing. The court having exercised its authority at that earlier hearing by modifying the terms of probation instead of revoking probation, it was clearly

---

**4.** The State also relies on *Settles v. State,* 403 S.W.2d 417 (Tex.Cr.App.1966), in which this Court held that the State's "unsuccessful use" of an allegation in a motion to revoke probation that the defendant had committed an offense would not bar subsequent prosecution for that offense. As the Court of Appeals pointed out, *Settles* was decided before *Ashe v. Swenson* and cites no authority for its holding. *Tarver, su-*

*pra,* at 348–49. Furthermore, *Settles* relied solely on traditional double jeopardy theory and made no mention of collateral estoppel. It is impossible to tell from the opinion whether the trial court in the probation revocation hearing made any fact-finding such as would trigger the use of collateral estoppel at a subsequent prosecution. To the extent it conflicts with this opinion, *Settles* is overruled.

without authority to change that disposition at a subsequent hearing at which no further violation of probation was shown." *Furrh v. State,* 582 S.W.2d 824, 827 (Tex. Cr.App.1979) (Opinion on Appellant's Motion for Rehearing); *Rogers v. State,* 640 S.W.2d 248, 263 (Tex.Cr.App.1982) (Opinion on State's Second Motion for Rehearing).

The State is not trying twice to prove applicant guilty, because "guilt" as such was not the issue in the probation revocation hearing. The State *is* attempting, however, to prove the *fact* that would lead to a finding of guilt, i.e., that applicant committed the alleged assault, after once failing to prove that fact in a full hearing. To allow such a second attempt would be to allow one of the risks the Double Jeopardy clauses protects against: "The Double Jeopardy Clause also precludes the prosecutor from 'enhanc[ing] the risk that an innocent defendant may be convicted,' by taking the question of guilt to a series of persons or groups empowered to make binding determinations." *Swisher v. Brady,* 438 U.S. 204, 216, 98 S.Ct. 2699, 2707, 57 L.Ed.2d 705 (1978) (citation omitted).

We hold, therefore, that the issue of whether applicant committed the particular assault alleged in the information has been found adversely to the State, and the doctrine of collateral estoppel bars relitigating that issue in the county criminal court at law prosecution. The · relief sought is granted.

We emphasize the narrowness of this holding. A mere overruling of a State's motion to revoke probation is not a fact-finding that will act to bar subsequent prosecution for the same alleged offense. A trial court in a motion to revoke probation hearing has wide discretion to modify, revoke, or continue the probation. Art. 42.12, Sec. 8(a); *Flournoy v. State,* 589 S.W.2d 705, 707 (Tex.Cr.App.1979). A court may continue or modify the probation even though finding that the allegations in the motion to revoke probation are true. See, e.g., *Furrh v. State,* supra (defendant pleaded true to one allegation in the motion to revoke; trial court nevertheless continued the probation). A trial court's decision

either to revoke or continue a probationer's probation may involve no fact-finding. See *King v. State,* 649 S.W.2d 42, 46 (Tex.Cr. App.1983) (an order *revoking* probation is sufficient even though it does not recite findings of fact). It is only in the particular circumstances of this case, where the trial court does make a specific finding of fact that the allegation is "not true," that a fact has been established so as to bar relitigation of that same fact. Furthermore, an acquittal of the offense will not bar a subsequent revocation of probation based on the same allegation. See n. 2, supra.

The judgment of the Court of Appeals is affirmed.

ONION, P.J. and W.C. DAVIS, McCORMICK and WHITE, JJ., dissent.