Alvin Roy COLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–87–141–CR.

Court of Appeals of Texas,
Waco.

Dec. 10, 1987.

Discretionary Review Refused
Feb. 24, 1988.

Walter M. Reaves, West, for appellant.

Vic Feazell, Criminal Dist. Atty., Scott Peterson, Asst. Dist. Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Collins from denial of a pretrial writ of habeas corpus. Defendant asserts the State is collaterally estopped from prosecuting him because the Board of Pardons and Paroles had previously determined that there was insufficient evidence to establish that defendant had committed the offense.

Defendant was indicted February 12, 1987, for the felony offense of murder. The indictment alleged that defendant had caused the death of William Jones by shooting him in the head on or around November 1, 1986. At the time the indictment was returned, defendant was on parole. On December 16, 1986, a hearing was held by the Texas Board of Pardons and Paroles to determine whether defendant had violated certain terms and conditions of his parole and whether his parole should be revoked. The hearing was conducted at the McLennan County Jail with a hearing examiner from the Texas Board of Pardons and Paroles presiding.

Several allegations were raised at the hearing which, if sustained, would result in revocation of defendant's parole. One of the allegations was that defendant committed the offense of burglary of a habitation with intent to commit a felony on November 1, 1986. The burglary allegation arose out of the same transaction which led defendant to be indicted for murder. The hearing officer determined that defendant's parole should be revoked due to three separate violations of his parole, but determined that the evidence was insufficient as to the November 1 burglary.

Defendant argues that because the hearing officer heard evidence and made a conclusion of insufficient evidence as to the November 1 burglary, the State should be collaterally estopped from litigating such issues in a subsequent trial for murder. Defendant relies heavily on *Ex parte Tarver*, 725 S.W.2d 195 (Tex.Cr.App.1986), in which the Court of Criminal Appeals held that the doctrine of collateral estoppel applies to findings made at a probation revocation hearing. Defendant contends the theory of *Ex parte Tarver* applies equally to the findings made at a parole revocation hearing.

In *Ex parte Tarver*, the State filed a motion to revoke defendant's probation alleging defendant had violated the terms of his probation by committing misdemeanor assault. A hearing was held before a state district judge who determined the evidence was insufficient to establish that the assault had been committed. After the ruling, the State attempted to prosecute defendant in the county court for the same assault. The Court held that the doctrine of collateral estoppel bars the subsequent prosecution of an offense after the State has failed to prove "identical allegations" in a probation hearing.

Collateral estoppel has been defined by the United States Supreme Court as being simply "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed. 469 (1970). Defendant argues that the findings made by the hearing examiner at defendant's parole revocation hearing fall within the parameters of collateral estoppel as defined in *Ashe*. We disagree.

The probation revocation hearing in *Ex parte Tarver* was a full hearing held in the state district court before a judge. Both the accused and the State were represented by counsel. Defendant's parole revocation, on the other hand, was held in the county jail before a hearing officer who was neither an attorney nor a member of the judiciary. While the defendant was represented by counsel, the State was not. Further, the hearing officer made findings on 6 allegations against defendant, any one of which could result in revocation of his parole if sustained. As to the burglary charge, the hearing officer denied defense counsel's motion for a continuance because he "considered the motion moot since there existed sufficient evidence for a finding of a rule violation among the various allegations alleged."

We think the findings of the hearing examiner at defendant's parole revocation hearing are not the findings of an "issue of ultimate fact" determined in a "valid and final judgment" as required by *Ashe* and *Ex parte Tarver*.

The point is overruled.

AFFIRMED.