**Ex parte Darryl Wayne DANIEL, Appellant.**

**No. 01–89–00194–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 22, 1989.

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Karen Morris, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, DUGGAN and O'CONNOR, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from a pretrial writ of habeas corpus alleging that a trial will subject appellant to double jeopardy.

We affirm.

On October 20, 1987, appellant was indicted for being a felon in possession of a firearm, in violation of Tex.Penal Code Ann. § 46.05 (Vernon Supp.1989). Appellant was on parole. On August 22, 1988, a hearing examiner from the Board of Pardons and Paroles (the "Board") conducted a hearing to determine whether appellant's parole should be revoked. Appellant was present and was represented by counsel. The State was not present. The issue addressed was whether appellant had violated Board rules by possessing a firearm, and by attempting to commit capital murder. The hearing examiner concluded that there was insufficient evidence to find appellant had violated Board rules and entered the following fact finding:

> In regards [sic] to RULES # 5 AND # 7, I find the RELEASEE [appellant] did not possess a firearm and commit Attempted Capital Murder of a Police Officer on or about 9/30/87 at 5901 Selonsky, Houston, Texas, by shooting at Police Officer STEWART due to insufficient evidence (Division of Parole Supervision Witness, S.L. STEWART failed to appear as per instructions on executed subpoena, EXHIBIT D), and Parole Officer WINKLER had no other supporting evidence.

In response to the State's attempt to proceed to trial on the firearm charge, appellant filed a writ of habeas corpus alleging that prosecution of the firearm charge would violate his constitutional protection against double jeopardy. The trial court denied appellant the requested relief.

In his sole point of error, appellant asserts that because the issue of his guilt for the offense charged had already been resolved against the State at the hearing on the revocation of his parole, he is now being placed in double jeopardy.

The proscription against double jeopardy contained in the Fifth Amendment to the United States Constitution protects an accused against being placed in jeopardy twice for the same offense. If appellant's parole had been revoked, the punishment he received would have been for the offense for which he was originally charged. In the district court, appellant faces the risk of being punished for the subsequent firearm charge. There is a grave distinc-

tion between revocation of parole and revocation of probation. In a revocation of parole, the parolee will serve only the sentence for which he was imprisoned before being granted parole. In a revocation of probation, the probationer will be imprisoned for the offense for which he was originally charged, but for which he has not, as yet, been incarcerated.

■ The constitutional protection against double jeopardy, however, necessarily encompasses the doctrine of collateral estoppel. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Collateral estoppel as an element of double jeopardy was explained in *Ashe.*

> "Collateral estoppel" ... means simply that when a issue [sic] of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.

*Ashe v. Swenson*, 397 U.S. at 443, 90 S.Ct. at 1194. It should be noted that *Ashe* does not imply that a claim of collateral estoppel may be based on anything other than an acquittal in a criminal case. The court stated, "The question ... is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again." *Ashe v. Swenson*, 397 U.S. at 446, 90 S.Ct. at 1195.

■ Appellant relies on *Ex parte Tarver*, 725 S.W.2d 195 (Tex.Crim.App.1986), to support his argument. In *Tarver*, the court held the State was collaterally estopped from relitigating facts that had been determined in Tarver's favor at a previous probation revocation hearing. *Tarver*, 725 S.W.2d at 200. Appellant contends that the theory of *Tarver* applies equally to findings made by a hearing examiner at a parole revocation hearing.

Tarver's probation revocation hearing was conducted in state district court by a judge. Both the defendant and the State were represented by counsel. The *Tarver* court took care to specifically limit its holding to those particular circumstances.

We emphasize the narrowness of this holding ... It is only in the particular circumstances of this case, where the *trial court* make[s] a specific finding of fact that the allegation is "not true," that a fact has been established so as to bar relitigation of that same fact.

*Tarver*, 725 S.W.2d at 200 (emphasis added).

In the present case, appellant's parole revocation hearing was presided over by a hearing examiner acting under the authority of the Board. While defendant was represented by counsel, the State was not. Further, the hearing officer made her decision of insufficient evidence based on the fact that a subpoenaed witness failed to appear and testify, and not on the credibility, or lack thereof, of the witness's testimony. In *Tarver*, the trial court considered all the evidence presented and found it "totally incredible."

We believe Daniel's situation is more properly analogous to that of the appellant in *Collins v. State*, 742 S.W.2d 511 (Tex. App.—Waco 1987, no pet.). In *Collins*, the appellant was indicted for murder while on parole for another offense. The Board conducted a hearing to determine whether Collins had violated certain conditions of his parole and whether his parole should be revoked. One of the allegations was that Collins had committed the offense of burglary of a habitation with intent to commit a felony. The burglary allegation arose out of the same transaction that led to the murder indictment. The hearing officer determined the evidence was insufficient as to the burglary allegation. Relying on *Tarver*, Collins presented the Waco court with precisely the same argument urged here, viz., that because the hearing officer heard evidence and made a conclusion of insufficient evidence as to the burglary, the State should be collaterally estopped from relitigating that issue in a subsequent prosecution. *Collins*, 742 S.W.2d at 511.

> The *Collins* court denied relief, stating:
> We think the findings of the hearing examiner at defendant's parole revocation hearing are not the findings of an "issue of ultimate fact" determined in a

"valid and final judgment" as required by *Tarver* and *Ashe.*

*Collins,* 742 S.W.2d at 512.

We likewise hold that the hearing examiner's findings are not findings of an "ultimate issue of fact" determined in a "valid and final judgment," and therefore do not collaterally estop future criminal prosecution. The fact issue of whether an appellant actually committed the offense should be addressed in a court of law, in a criminal proceeding. *Id.; see also Ex parte Bowen,* 746 S.W.2d 10, 12 (Tex.App.—Eastland 1988, pet. ref'd).

We affirm the denial of habeas corpus relief.