Todd 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00206-CR







Ex Parte: Chad Todd, Appellant







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 95-4764, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Appellant filed application for writ of habeas corpus alleging that the double
jeopardy provision of the Texas Constitution barred his prosecution for indecency with a child by
contact. See Tex. Const. art. I, § 14; See Tex. Penal Code § 21.11 (West 1994). The trial court
denied the relief requested. We will affirm the trial court's order.

 On October 17, 1995, appellant was charged with indecency with a child by
contact. At the time of the indictment, appellant was on parole for the offenses of burglary of a
habitation and bail jumping. The parole board sought to revoke appellant's parole based on the
indecency with a child charge. At the parole revocation hearing, the hearing examiner determined
that there was insufficient evidence to revoke appellant's parole on the basis of the indecency
charge because the alleged victim failed to appear at the hearing. (1) The hearing examiner entered
the following fact finding:



Regarding Rule #2 (INDECENCY WITH A CHILD), I find there is insufficient
evidence to prove that RELEASEE on or about July 1995, at or about Austin,
Travis County, Texas engaged in sexual contact with J.C, a child younger than
seventeen years of age and not his spouse; based on lack of testimony or witnesses,
subpoenaed witness, M.R.[the mother], failed to bring her daughters J.C. and
C.C., as indicated in her subpoena. RELEASEE declined to testify.



 In his sole point of error, appellant contends that further prosecution of the
indecency charge will violate the double jeopardy protection granted by the state constitution. See
Tex. Const. art. I, § 14.

 Appellant contends that the Texas double jeopardy protections expand beyond those
afforded by the federal Double Jeopardy Clause. The Court of Criminal Appeals has held that
the state and federal double jeopardy provisions are "conceptually identical." Stephens v. State,
806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990). This Court, accordingly, has declined to
expand Texas double jeopardy protections beyond those afforded by the federal double jeopardy
guarantee. See Lozano v. State, 860 S.W.2d 152, 154 n.3 (Tex. App.--Austin 1993, pet. ref'd). 
We will therefore consider appellant's claim based on a reading of the state provision in
accordance with the federal provision.

 The double jeopardy provisions in both the Texas and United States Constitutions
provide that no person shall be twice put in jeopardy of life and limb. U.S. Const. amends. V &
XIV; Tex. Const. art. I, § 14. This prohibits a second punishment for the same offense or a
second trial for the same offense. Chambers v. State, 700 S.W.2d 597, 598 (Tex. Crim. App.
1985). The fact that appellant was put at risk of parole revocation, and now faces prosecution for
that same act, does not mean that he has been subject to multiple prosecutions for the same
offense. See Ex parte Tarver, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986). In Tarver, the
court found that a probation revocation hearing, resulting in a denial of the motion to revoke, did
not bar prosecution for the offense alleged in the motion to revoke. If probation had been revoked,
the defendant's punishment would have been for the originally-charged offense. Tarver, 725
S.W.2d at 196-97. The facts in the present case are remarkably similar. If the parole board had
revoked appellant's parole on the basis of the indecency allegation, the punishment he received
would have flowed from the offense for which he was originally charged and subsequently
paroled, burglary of habitation and bail jumping. In the district court, appellant faces the risk of
being punished for the subsequent offense of indecency with a child by contact. He is not,
therefore, being twice placed in jeopardy for the same offense. Basic double jeopardy protections
would not be violated by subjecting appellant to prosecution for this allegation.

 Because the constitutional protection against double jeopardy encompasses the
doctrine of collateral estoppel, we must consider appellant's claims as they relate to this doctrine. 
See Ashe v. Swinson, 397 U.S. 436, 442-43 (1970). The Supreme Court has stated that the
doctrine of collateral estoppel "means simply that when an issue of ultimate fact has been
determined by a valid and final judgment that issue cannot again be litigated between the same
parties in any future lawsuit." Id. at 443. 

 The present case is analogous to Ex parte Daniel, 781 S.W.2d 412, 414 (Tex.
App.--Houston [1st Dist.] 1989, pet. ref'd), as it relates to the doctrine of collateral estoppel. In
that case, the court concluded that the State was not collaterally estopped from prosecuting the
defendant on a charge that had been used to determine whether the defendant's parole should be
revoked. Id. The hearing examiner at the revocation hearing determined that there was
insufficient evidence to support revocation because a witness failed to appear at the hearing. For
this and other reasons, the court held that the hearing examiner's finding of insufficient evidence
was not a finding of an "ultimate issue of fact" determined in a "valid and final judgment." 
Accordingly, it did not collaterally estop future criminal prosecution. Id. at 415. In the present
case, the hearing officer found the evidence insufficient solely because a subpoenaed witness failed
to appear and testify. The finding was not based on the credibility of the witnesses or weight of
their testimony. In fact, the language in the finding of fact at the parole hearing in the present
case is nearly identical to that in Daniel. Id. at 413. The determination by the hearing examiner
of insufficient evidence, on the record, was not a finding of an ultimate fact issue. Therefore, it
does not collaterally estop the State from prosecuting the appellant on this charge. 

 We hold that the Texas double jeopardy provision, interpreted coextensively with
the federal provision, does not bar the State from prosecuting the appellant on the indecency with
a child by contact charge. Accordingly, we affirm the trial court's order denying the relief
requested by appellant.



 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: June 12, 1996

Do Not Publish
1. Appellant's parole was revoked on the basis of a separate misdemeanor charge of
assault.



eral provision.

 The double jeopardy provisions in both the Texas and United States Constitutions
provide that no person shall be twice put in jeopardy of life and limb. U.S. Const. amends. V &
XIV; Tex. Const. art. I, § 14. This prohibits a second punishment for the same offense or a
second trial for the same offense. Chambers v. State, 700 S.W.2d 597, 598 (Tex. Crim. App.
1985). The fact that appellant was put at risk of parole revocation, and now faces prosecution for
that same act, does not mean that he has been subject to multiple prosecutions for the same
offense. See Ex parte Tarver, 725 S.W.2d 195, 197 (Tex. Crim. App. 1986). In Tarver, the
court found that a probation revocation hearing, resulting in a d