Julia Ramsey Todd v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-182-CR

     JULIA RAMSEY TODD,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law
Ellis County, Texas
Trial Court # 9611052
                                                                                                                

DISSENTING OPINION
                                                                                                                

      Although the Court of Criminal Appeals has determined that an administrative driver's license
suspension does not constitute “punishment” for double jeopardy purposes, Ex parte Tharp, 935
S.W.2d at 161, I find nothing in the concept of collateral estoppel that depends on whether the former
determination of the issue in question resulted in punishment. Thus, I agree with Chief Justice
Boyd's dissent in State v. Smiley:
Section 724.048(a) does not preclude the application of collateral estoppel. Both the United
States Supreme Court and our Court of Criminal Appeals have defined collateral estoppel to
mean "that when an issue of ultimate fact has once been determined by a valid and final
judgment, that issue cannot again be litigated between the same parties in any future lawsuit." 
Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); Ex parte
Mathes, 830 S.W.2d 596, 598 (Tex. Crim. App.1992). Nothing in that definition requires
that the prior judgment be the result of a criminal proceeding. Indeed, in Ex parte Tarver,
725 S.W.2d 195 (Tex. Crim. App.1986), that court found the trial court erred in rejecting
Tarver's collateral estoppel claim even though he had not been placed in jeopardy by the prior
probation revocation proceeding. Id. at 197.
 
In Ashe, the Federal Supreme Court held that in the criminal law context, collateral estoppel
is a right protected by the Fifth Amendment to the Federal Constitution. Thus, because the
Fifth Amendment is applicable to the individual states, Benton v. Maryland, 395 U.S. 784,
794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), the protections afforded by that amendment,
including collateral estoppel, are a matter of constitutional right. Ashe, 397 U.S. at 445-46,
90 S.Ct. at 1195-96. To the degree that a statute is in conflict with the State or Federal
Constitutions, the statute must yield. U.S. Const. art. VI, cl. 2; Marbury v. Madison, 5
U.S. (1 Cranch) 137, 180, 2 L.Ed. 60 (1803); Ex parte Granviel, 561 S.W.2d 503, 511 (Tex. 
Crim. App.1978). The constitutional infirmity of this statute has been noted before. See Arnold
v. State, 920 S.W.2d 704, 708 (Tex. App.--Houston [1st Dist.] 1996, pet. filed) (discussing
predecessor statute Tex. Rev. Civ. Stat. Ann. art. 6687b-1, § 5(d) (repealed by Act of May
1, 1995, 74th Leg., R.S., ch. 165, § 1, 24, 1995 Tex. Gen. Laws 1025, 1870-71)).

State v. Smiley, 943 S.W.2d 156, 156 (Tex. App.—Amarillo 1997, pet. filed) (footnotes omitted).
As Chief Justice Boyd points out, the much narrower doctrine of collateral estoppel, or issue
preclusion, precludes relitigation of specific facts that were actually resolved in a prior litigation. 
Id. at 161 (citing Ashe, 397 U.S. at 443, 90 S.Ct. at 1194).
      I would hold that the doctrine of collateral estoppel precludes another ruling on Todd's motion
to suppress based on the absence of probable cause. The prior ruling by the ALJ occurred after
a full hearing at which both parties had on opportunity to fully and fairly litigate the issue. The
ALJ acted in a judicial capacity, and there is no reason not to accept his finding as reliable. Indeed,
the entire procedure was established by the legislature to provide due process in license-suspension
proceedings when a hearing is requested by the person who license is subject to a suspension.
      Because an administrative law judge has found that no probable cause existed to stop Todd,
I would reverse the order overruling the motion to suppress evidence and grant the motion.
 
                                                                                 BILL VANCE
                                                                                 Justice

Dissenting Opinion delivered & filed November 19, 1997
Publish


      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 29, 1995
Do not publish