Gilbert SALINAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–98–0378–CR.

Court of Appeals of Texas,
Amarillo.

May 26, 1999.

---

Earl Griffin, Jr., Childress, for appellant.

Randall C. Sims, District Attorney, Childress, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

Appellant Gilbert Salinas brings this appeal from an order of the trial court denying his special pleas of double jeopardy and writ of habeas corpus. Presenting two points of error, appellant (1) alleges the trial court committed reversible error in denying his special plea of double jeopardy and request for habeas relief, contending that prosecution is barred by double jeopardy; and (2) contends the State is collaterally estopped from relitigating the issue of whether appellant was the person who committed aggravated robbery. These points require that we determine whether a decision that the evidence did not sustain a finding made by an examiner of the Hearing Section of the Texas Board of Pardons and Paroles (the board), upon a hearing conducted after appellant was indicted for the offense, bars prosecution for that offense. Based on the rationale expressed herein, we affirm.

By indictment filed September 8, 1997 in cause number 4144, in the District Court of Childress County, appellant was indicted for the offense of aggravated robbery alleged to have been committed on August 24, 1997. The enhancement paragraph also represented that on September 2, 1986, appellant had been previously convicted of the felony offense of robbery. However, as shown by the evidence at the pretrial hearing held on August 24, 1997, appellant was on parole by order of the Pardons and Paroles Division of the Texas Department of Criminal Justice, by Certificate of Parole dated November 30, 1992. Following commencement of parole revocation procedures based upon the offense charged in the indictment, counsel was appointed to represent appellant. After two hearings were recessed and continued until February 24, 1998, the record shows that appearing at the hearing held on February 24, 1998, were the hearing officer, an agent parole officer, a parole officer, appellant, and his counsel. According to the record, the district attorney did not appear nor participate in the hearing. Following the hearing, the hearing officer made his report which recited, among other things, that the evidence was insufficient, and because the allegation was not sustained, appellant's parole was not revoked.

Then, on March 6, 1998, appellant filed his application for writ of habeas corpus. Following an order allowing appellant's counsel to withdraw and the appointment of new counsel, on September 17, 1998, appellant filed his special plea of double jeopardy followed by a supplemental special plea of double jeopardy filed on September 21, 1998. After a hearing on the application for writ of habeas corpus and the special plea of double jeopardy, the trial court took the matters under advisement and announced its decision on October 6, 1998, and on November 24, 1998, signed an order denying appellant's special plea of double jeopardy and application for writ of habeas corpus. Because appellant's arguments and authorities are consolidated, we will consider his two points of error simultaneously.

 Essentially, appellant contends that because the question before the hearing examiner was the same fact question presented in the prosecution for aggravated robbery, and the examiner's finding was that the evidence was insufficient to support parole revocation, the State is barred from prosecuting him. We disagree. Initially, we note that neither probation nor parole revocation hearings constitute a

stage of a criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *United States v. Williams*, 558 F.2d 224, 226 (1977). The result of a hearing on a motion to revoke probation is neither a conviction nor acquittal, *Barber v. State*, 486 S.W.2d 352, 354 (Tex.Cr.App.1972), and is not a civil or criminal trial, but rather is an administrative proceeding. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Cr.App.1993). Pursuant to section 508.281 of the Texas Government Code Annotated (Vernon 1998), appellant was entitled to a hearing before a parole panel or a designated agent of the board under rules adopted by the board. Article 2.01 of the Texas Code of Criminal Procedure Annotated (Vernon Supp.1999) provides that the district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals, but neither article 2.01 nor section 508.281 contemplate that the district attorney shall have the duty to represent the board in a parole revocation hearing.

In *Collins v. State*, 742 S.W.2d 511 (Tex.App.—Waco 1987, pet. ref'd), the court held that a determination by the hearing examiner of insufficient evidence to revoke parole did not operate to collaterally estop prosecution in state district court. In *Collins*, as appellant asserts here, Collins contended the State should be collaterally estopped from litigating the issue in a subsequent trial, relying on *Ex Parte Tarver*, 725 S.W.2d 195 (Tex.Cr.App.1986). However, the Waco court declined to apply *Tarver*, stating among other reasons, the distinctions in probation revocations held in state district courts

before a judge, and parole revocations held before a hearing officer who was not an attorney nor a member of the judiciary and at which the State was not represented.

The same question arising from a parole revocation hearing was presented to another appellate court in *Ex Parte Daniel*, 781 S.W.2d 412 (Tex.App.—Houston [1st Dist.] 1989 pet. ref'd). In *Daniel*, the court followed the decision in *Collins* and held that a finding of insufficient evidence by a hearing examiner did not bar prosecution of the criminal charge. *Id.* at 414–15. In both *Collins* and *Daniel*, the administrative determinations were made before the indictments were presented. Here, however, appellant was indicted and jurisdiction was fixed in district court before the administrative proceedings were initiated by the board.[1]

■ The question of the application of collateral estoppel to a criminal prosecution based on an administrative decision was again presented in *State v. Brabson*, 976 S.W.2d 182 (Tex.Cr.App.1998). In *Brabson*, the Court of Criminal Appeals distinguished *United States v. Utah Construction and Mining Company*, 384 U.S. 394, 419–23, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)[2] and *Ex parte Tarver*, 725 S.W.2d 195 (Tex.Cr.App.1986). Although *Brabson* did not entail an administrative decision by the board, in determining that the Texas Department of Public Safety and the district attorney are not the same parties called the "State" for purposes of collateral estoppel, it held that collateral estoppel

---

1. At the time the administrative proceeding was initiated by the board, the fact question for determination of appellant's guilt was pending in the district court. Because we dispose of the collateral estoppel issue on other grounds, we need not determine whether the separation of powers doctrine is implicated. Tex. Const. art. II, § 1; *see Barshop v. Medina Under. Wat. Cons.Dist.*, 925 S.W.2d 618, 635 (Tex.1996), holding that issuance of permits for wells is only an administrative proceeding not binding on judicial determinations, and *State v. Flag–Redfern Oil Co.*, 852

S.W.2d 480, 484 (Tex.1993), holding that an administrative agency is not a court and does not reflect and exercise judicial power assigned to the courts.

2. Also, *Utah Construction and Mining Company* is distinguishable because the administrative proceedings therein were initiated by the contractor and decisions were made before suit was filed, whereas here, the administrative proceeding was initiated by the board after appellant had been indicted.

does not apply where the State, *i.e.* the district attorney, did not participate in the administrative proceeding. *Id.* at 184. Although the decision in *Brabson* has been criticized in legal literature and by appellant in his brief, this Court, being an intermediate appellate court, cannot disregard the decision of the Texas Court of Criminal Appeals in *Brabson.* Accordingly, for the reasons expressed in *Brabson,* and the refusal of the Texas Court of Criminal Appeals to grant reviews in *Collins* and *Daniel,* we likewise hold that the hearing examiner's finding of insufficient evidence made after the presentation of the indictment and docketing of the criminal prosecution in district court, is not a finding of an issue of ultimate fact determined in a valid and final judgment, and thus, the State is not collaterally estopped from prosecuting appellant on the criminal charge. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *see also Ex Parte Bowen,* 746 S.W.2d 10, 12 (Tex.App.—Eastland 1988, pet. ref'd). Points of error one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.