**Ex parte Arturo Solis PERALTA.**

No. 04–01–00818–CR.

Court of Appeals of Texas, San Antonio.

June 26, 2002.

Robert A. Porter, Stephanie L. Stevens, Shane L. Callendar, Student Attorney, Center for Legal and Social Justice, San Antonio, for appellant.

Enrico B. Valdez, Assistant Criminal District Attorney, San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

Opinion by ALMA L. LÓPEZ, Justice.

This is an appeal from the denial of a pre-trial application for writ of habeas corpus in which appellant, Arturo Solis Peralta, alleges that the State is collaterally estopped from prosecuting the misdemeanor charge of assault filed against him. Specifically, Peralta asserts that the finding by a hearing officer at a parole revocation hearing that he did not violate a condition of his parole prevents the State's prosecution of assault in the county court at law. We affirm the trial court's denial of Peralta's application.

## BACKGROUND

Peralta was charged by information on June 19, 2001, with the misdemeanor offense of assault. The information alleges that on August 25, 2000, Peralta knowingly and intentionally caused bodily injury to Elizabeth Flores. Flores was Peralta's girlfriend at one time. The parties do not dispute that shortly after the alleged assault and before Peralta was charged by information, a revocation hearing was held before the Board of Pardons and Paroles (the "Board") to determine whether Peralta had violated a condition of his parole.

Peralta filed a verified special plea of double jeopardy and an application for writ of habeas corpus based upon double jeopardy and specifically alleged that the fact issue in this case, whether he assaulted Flores, was previously raised and resolved in his favor at the parole revocation hearing. The evidence at the hearing on Peralta's application consisted of an Administrative Release Hearing Report by the hearing officer, Edna Carrizales. The report references exhibits which included evidence considered by her at the parole revocation hearing. However, only one of those exhibits, a subpoena, is in the record before this court. The report reflects that no attorneys were present, either for the State or for Peralta.[1] Peralta's current parole officer and past parole officer provided most of the testimony at the hearing. Flores appeared but refused to answer all of Carrizales' questions regarding the affidavit and photographs in support of the allegation. Carrizales made the finding that the evidence was insufficient to support the allegation that Peralta assaulted Flores. She based this finding on Flores's: (1) refusal to testify, (2) refusal to answer if an assault took place on August 11, 2000, (3) refusal to indicate wheth-

---

1. It was alleged that Peralta had violated two rules of his parole. According to the report, Peralta admitted to one of those violations— failing to pay supervision fees as instructed by his supervising parole officer. The hearing officer deemed Peralta ineligible for state-appointed counsel on the basis that the violation of this rule was "technical in nature and the fact pattern to the allegations [were] non-complex."

er the allegations in her affidavit were true, and (4) refusal to explain how she received the bruises which were photographed. Carrizales specifically concluded that the evidence was insufficient to establish that Peralta violated a condition of his parole by allegedly assaulting Flores. After considering this report and the arguments of counsel, the trial court orally denied Peralta's application for writ of habeas corpus.

## STANDARD OF REVIEW

We generally review a trial court's decision to grant or deny relief on a writ of habeas corpus under an abuse of discretion standard. *See Ex parte Mann,* 34 S.W.3d 716, 718 (Tex.App.-Fort Worth 2000, no pet.); *Ex parte Ayers,* 921 S.W.2d 438, 440 (Tex.App.-Houston [1st Dist.] 1996, no writ). This same standard applies with respect to a trial court's ruling on a habeas corpus based upon double jeopardy. *See In the Matter of S.G.,* 935 S.W.2d 919, 924 (Tex.App.-San Antonio 1996, writ dism'd w.o.j.). However, an abuse of discretion review of a trial court's decision is not necessarily appropriate in the context of application of law to facts when the decision does not turn on the credibility or demeanor of witnesses. *Ex parte Martin,* 6 S.W.3d 524, 526 (Tex. Crim.App.1999); *see also Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997). Instead, an appellate court must conduct a *de novo* review when "the trial judge is not in an appreciably better position than the reviewing court to make that determination." *Guzman,* 955 S.W.2d at 87; *see also Mann,* 34 S.W.3d at 718. Because no testimony on the merits of the petition was given at the habeas hearing in the instant matter, the trial court's ruling could not have turned on credibility and demeanor. Accordingly, we apply a *de novo* standard of review. *See Ex parte Wheeler,* 61 S.W.3d 766, 770 (Tex.App.-Fort Worth 2001, pet. filed).

## COLLATERAL ESTOPPEL

In his first issue, Peralta contends collateral estoppel prevents the State from prosecuting him for the offense of assault under the Fifth and Fourteenth Amendments of the U.S. Constitution. The Fifth Amendment protection against double jeopardy is enforceable against the states through the Fourteenth Amendment. *See Stringer v. Williams,* 161 F.3d 259, 262–63 (5th Cir.1998); *Reynolds v. State,* 4 S.W.3d 13, 19 (Tex.Crim.App. 1999). Collateral estoppel is one of the protections provided by the Fifth Amendment guarantee against double jeopardy. *See Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *State v. Aguilar,* 947 S.W.2d 257, 259 (Tex.Crim. App.1997); *see also Reynolds,* 4 S.W.3d at 19 (stating collateral estoppel applies to the states only in those cases which implicate the essential protections of the Fifth Amendment double jeopardy clause). Collateral estoppel is the general rule that once an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit. *See Ashe,* 397 U.S. at 443, 90 S.Ct. 1189. The doctrine applies even where the prior determination is made by an administrative agency acting in a judicial capacity. *See United States v. Utah Constr. and Mining Company,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). The elements necessary to support collateral estoppel are (1) a "full hearing" at which the parties had an opportunity to thoroughly and fairly litigate the relevant fact issue; (2) the fact issue must be the same in both proceedings; and (3) the fact finder must have acted in a judicial capacity. *Aguilar,* 947 S.W.2d at 259–60; *Ex parte Tarver,* 725 S.W.2d 195, 199 (Tex.Crim.App.1986).

On appeal, Peralta argues that all the elements of collateral estoppel are met. First, the issue at the parole revocation hearing and in the instant matter are the same: whether he assaulted Flores. Second, the State had full opportunity to litigate the issue when it presented affidavits, exhibits, and sworn live testimony in support of revocation. Finally, the administrative hearing officer, by the authority of the legislature, acted in a judicial capacity.

In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution. *See Breed v. Jones,* 421 U.S. 519, 528, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (holding double jeopardy precluded the prosecution of a juvenile as an adult for conduct that had resulted in a juvenile court adjudication). This risk is not present in proceedings that are not essentially criminal. *See id.* Generally, under federal law, a parole revocation hearing is not a stage of criminal prosecution. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The Fifth Circuit has held that double jeopardy does not apply to parole and probation revocation proceedings because such proceedings are not designed to punish a criminal for the violation of a criminal law, but to determine whether a parolee or probationer has violated the conditions of his parole and probation. *See United States v. Whitney,* 649 F.2d 296, 298 (5th Cir.1981). With these principles in mind, the Fifth Circuit specifically held that collateral estoppel did not preclude the State of Texas from prosecuting a defendant for involuntary manslaughter where the evidence to support the defendant's bond revocation was found to be insufficient. *See Showery v. Samaniego,* 814 F.2d 200, 203 (5th Cir. 1987). The Fifth Circuit reasoned that bond revocation proceedings are not designed to obtain a conviction for an of-

fense. *See id.* All Texas courts of appeals which have addressed the issue before this court have held that collateral estoppel does not bar a subsequent criminal prosecution for an offense that was the basis of a parole revocation. *See Salinas v. State,* 1 S.W.3d 700, 701–702 (Tex.App.-Amarillo, pet.ref'd) (noting motion to revoke probation and parole are administrative proceedings); *Ex parte Daniel,* 781 S.W.2d 412, 414–15 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd) (stating the fact issue of whether an appellant committed the offense should be addressed in a criminal proceeding); *Ex parte Bowen,* 746 S.W.2d 10, 12–13 (Tex.App.-Eastland 1988, pet ref'd) (stating same); *Collins v. State,* 742 S.W.2d 511, 512 (Tex.App.-Waco 1987, pet. ref'd).

Peralta contends that even if this court were to consider his parole revocation proceeding to be a "civil" and "administrative" proceeding, the doctrine of collateral estoppel must still apply. *See Aguilar,* 947 S.W.2d at 259 (stating collateral estoppel may have application if one of the proceedings is civil or administrative); *Tarver,* 725 S.W.2d at 199. Peralta relies upon *Aguilar* for this proposition. We conclude Peralta's reliance on *Aguilar* to be misplaced in light of the Texas Court of Criminal Appeals's recent statement that the part in *Aguilar* suggesting collateral estoppel applies to certain administrative determinations was "*dicta* and was unnecessary to the decision in that case." *See Reynolds,* 4 S.W.3d at 16. Rather, we are guided by the Texas Court of Criminal Appeal's opinion in *Tarver* on which Peralta also relies and which is analogous to this case.

In *Tarver,* the Court held that a district attorney was collaterally estopped from prosecuting the appellant for the offense of assault. The facts reflect that the State filed a motion to revoke the appellant's probation on the basis that he had commit-

ted an assault. On the same basis, by information, the State initiated a criminal prosecution for assault against the appellant. A full hearing on the State's motion to revoke was conducted before the trial court. At the hearing, the accused and the State were represented by counsel. After the hearing, the trial court expressly found that the evidence was insufficient to support the allegation of assault. The Court held that while double jeopardy did not preclude the State's prosecution of appellant, collateral estoppel applied because the fact issue of whether appellant had assaulted the complainant had already been determined against the State at the hearing on the motion to revoke probation. *See Tarver,* 725 S.W.2d at 198. The Court limited its holding to the particular circumstances of the case. *See id.* at 200. Recently, the Court has emphasized that its holding in *Tarver* was a result of concluding that the probation revocation proceeding was "close enough to a criminal prosecution or was 'essentially criminal'" so as to implicate federal constitutional collateral estoppel. *See Reynolds,* 4 S.W.3d at 20–21 (stating *Tarver* was decided by finding that jeopardy attached in the probation revocation proceeding). Accordingly, we must determine whether the parole revocation proceeding in the instant matter was "essentially criminal."

Pursuant to section 508.281 of the Texas Government Code, Peralta was entitled to a parole revocation hearing before the Board. *See* TEX. GOV'T CODE ANN. § 508.281 (Vernon Supp.2002). Article 2.01 of the Texas Code of Criminal Procedure generally provides that the district attorney shall represent the State in all criminal cases in the district courts of his

district and in appeals therefrom. However, neither section 508.281 nor article 2.01 places a duty on the district attorney to represent the State in a parole revocation proceeding. *See Salinas,* 1 S.W.3d at 700. This is important to note given the fact that in the instant matter the State was not properly represented by the Bexar County District Attorney's Office at Peralta's parole revocation hearing. *See State v. Brabson,* 976 S.W.2d 182, 184 (Tex. Crim.App.1998) (holding collateral estoppel did not apply where district attorney did not represent State at a license revocation proceeding). In fact, the record reflects that Peralta was not represented by an attorney at the hearing. The record also reflects that the parole revocation hearing was presided over by Carrizales under the authority of the Board at the Bexar County Detention Center as opposed to a court of law. *See Collins,* 742 S.W.2d at 512. The facts do not establish that the parole revocation hearing was "essentially criminal." Accordingly, we conclude that Carrizales's finding was not an issue of ultimate fact determined in a valid and final judgment.[2] *See Salinas,* 1 S.W.3d at 703; *Daniel,* 781 S.W.2d at 415–415; *Bowen,* 746 S.W.2d at 13; *Collins,* 742 S.W.2d at 512. We hold collateral estoppel does not prevent the State from prosecuting Peralta for the offense of assault. We overrule Peralta's first issue.

### Double Jeopardy

In his second issue, Peralta urges this court to review this case under the Texas double jeopardy clause encompassed in Article 1, section 14 of the Texas Constitution which provides, in part, that "[n]o person, for the same offense, shall twice be

---

2. Our decision is reinforced by the Texas Court of Criminal Appeals's refusal to grant petition for discretionary review in each case wherein our sister courts have held that a finding of a hearing officer at a parole revocation hearing in favor of a parolee does not collaterally estop the State from prosecuting the parolee.

put in jeopardy of life or liberty...." TEX. CONST. art. 1, § 14 (Vernon 1997). Peralta contends the Texas Constitution provides greater protection against double jeopardy than is afforded under federal law. Peralta relies upon *Bauder v. State,* 921 S.W.2d 696 (Tex.Crim.App.1996) for this proposition and appears to argue that because the circumstances in the instant matter establish collateral estoppel, *Bauder* requires this court to conclude that double jeopardy exists. We believe Peralta's reliance upon *Bauder* is misplaced.

In *Bauder,* the Texas Court of Criminal Appeals held that the Texas double jeopardy clause barred retrial of a defendant when he or she obtained a mistrial as a result of deliberate or reckless actions by the prosecution. *See id.* at 698. In holding that a prosecutor is accountable for mistrials of his own deliberate or reckless doing, the Court acknowledged that its application of the Texas double jeopardy clause was more "expansive" than double jeopardy under federal law because the specific intent of the prosecutor is not relevant. *See id.* at 699. The Court was careful to state that this "expansive" application of double jeopardy under Texas law exists only where a mistrial is the result of a prosecutor's reckless or intentional conduct. Peralta fails to cite any case law applying *Bauder* to a double jeopardy claim in the context of parole revocation hearings. Moreover, we cannot find any Texas case law supporting such an assertion. Accordingly, we construe *Bauder* as applying to only those circumstances raising deliberate or reckless prosecutorial misconduct which lead to a mistrial. *See Ex parte Davis,* 957 S.W.2d 9, 14–15 (Tex. Crim.App.1997) (stating *Bauder* only applies where a mistrial had been granted due to reckless or intentional prosecutorial misconduct).

Because we have previously concluded that collateral estoppel does not bar the State's prosecution of Peralta, we overrule his second issue as well.

### Conclusion

The trial court did not err in denying Peralta's writ for habeas corpus because the State is not collaterally estopped from prosecuting Peralta for the offense of assault. Further, the trial court did not err in denying the writ on the grounds of double jeopardy under the Texas Constitution. We affirm the trial court's denial of the writ of habeas corpus.

SARAH B. DUNCAN, J., concurs in judgment only.