

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1547-10

### Ex parte DUSTIN DOAN, Appellant

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRD COURT OF APPEALS
## TRAVIS COUNTY

**JOHNSON, J., filed a concurring opinion in which COCHRAN and ALCALÁ, JJ., joined.**

## C O N C U R R I N G   O P I N I O N

This Court granted review on a single ground: "The Court of Appeals erred in holding that the Brazos County Attorney and the Travis County Attorney were not the 'same parties' for collateral estoppel purposes." That ground was the only issue briefed by the parties. That ground does not require or even ask this Court to resolve the issue of whether collateral estoppel applies. Today the Court resolves the only issue before it, finds that both prosecutor's offices are "the State," and remands the cause to the court of appeals so that it may consider the remaining issue: given that the Brazos County Attorney and the Travis County Attorney are the "same party" for collateral-estoppel purposes, does collateral estoppel apply in the circumstances presented by this cause?

*Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986), examined whether a finding by a district judge–that the evidence of a subsequent offense that was presented as grounds for revoking a felony probation was "totally incredible"–barred prosecution of the subsequent offense in the county court-at-law of the same county. That is not what we are deciding here, and so we need not, at this time, consider the continuing validity of *Tarver*.[1]

In 1987, the Legislature amended the Code of Criminal Procedure, Article 28.061. At the time of that session, Art. 28.061 provided that

> [i]f a motion to set an indictment, information, or complaint for failure to provide a speedy trial as required by Article 32A.02 is sustained, the court shall discharge the defendant. A discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction.

> Article 32A.02 provided that

> [a] court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:
>      (1) . . . [felony];
>      (2) 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days; or
>      (3) 60 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for 180 days or less or punishable by fine only.

The practical effect of these two articles was an absolute bar to prosecution of a felony if a lower court failed to try the accused on a lesser accusation from the same criminal transaction within the statutory time period. Thus, if a person were accused of failure to signal a turn while fleeing

---

[1] While the *Tarver* Court did, in footnote 3, "note that one need not be twice placed in jeopardy of criminal punishment in order for collateral estoppel to apply," the footnote continues: *"See One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 233-34 . . . (1972) (collateral estoppel would bar a civil forfeiture proceeding if the elements of such forfeiture had been resolved against the government in an earlier criminal proceeding.)"

from a robbery that resulted in a death and the municipal prosecutor did not announce ready within 60 days, the felony prosecutor was barred from ever prosecuting the concurrent felony murder because it was part of the same criminal transaction as the failure to signal.

In 1987, the legislature resolved that issue by adding the words "other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute" to Article 28.061. The amendment clearly treated municipal, county courts, and felony prosecutors as separate classes of parties. However, by using the words "other than an offense of a higher grade that the attorney representing the state and prosecuting the offense that was discharged does not have the primary duty to prosecute," it did not treat prosecutors within a class of prosecutors as a party separate from other prosecutors in the same class. Thus, as the Court decides today, the Brazos County Attorney is the "same party" as the Travis County Attorney.

I join the opinion of the Court.

Filed: June 20, 2012
Publish