TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00786-CR







Ex Parte Crystal Fisher








FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY,

NO. 2CO2-00296, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Crystal Fisher appeals the trial court's denial of her application for writ of habeas
corpus. Following her arrest for misdemeanor driving while intoxicated at 1:49 a.m. on December
22, 2001, pursuant to a plea agreement, appellant pleaded guilty to the charged offense on April 30,
2002. Accepting her plea of guilty, the court assessed punishment at three days in jail and a fine. 
Appellant did not appeal from this conviction. On September 20, 2004, appellant filed the
application challenging her conviction and claiming that she had received ineffective assistance of
counsel. Without a hearing, the trial court denied relief and from that order appellant brings this
appeal. For the reasons that follow, we affirm the trial court's order.


FACTS


 According to a police report in the record, following a stop of appellant's vehicle
because her vehicle was traveling "all the way from the right hand shoulder of the road to the left-hand shoulder and back to the right . . . [and] from the right hand shoulder all the way across the left-hand lane and over the curb with the right side tires," she exhibited symptoms of intoxication and
failed field sobriety tests. The arresting officer recovered from her vehicle several bottles of
prescription medication used for depression. At the police station, appellant was videotaped and
provided breath samples with 0.039 and 0.037 blood alcohol content. She acknowledged drinking
"four, maybe five beers" at a local beer joint and that she was under a doctor's care for depression
and had taken some of her prescription medication, but "did not know which ones she had taken." 


ANALYSIS


 We generally review a trial court's decision to grant or deny relief on a writ of habeas
corpus under an abuse of discretion standard. E.g., Ex parte Mann, 34 S.W.3d 716, 718 (Tex.
App.--Fort Worth 2000, no pet.). Under this standard, we accord great deference to the trial court's
findings and conclusions and view the evidence in a light most favorable to the ruling. E.g., Ex parte
Pipkin, 935 S.W.2d 213, 215 (Tex. App.--Amarillo 1996, pet. ref'd). In the context of application
of law to facts, however, when the decision does not turn on the credibility or demeanor of witnesses,
we conduct a de novo review if "the trial judge is not in an appreciably better position than the
reviewing court to make that determination." Ex parte Martin, 6 S.W.3d 524, 526 (Tex. Crim. App.
1999) (applying de novo review after finding no testimony on merits was given at habeas hearing
and that judge who heard petition did not preside over appellant's trial); see also Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997); Ex parte Peralta, 87 S.W.3d 642, 645 (Tex. App.--San
Antonio 2002, no pet.). Because no testimony was taken, we apply a de novo standard of review. 
Ex parte Martin, 6 S.W.3d at 526.

 In contending that she received ineffective assistance of counsel, appellant cites three
acts of deficient conduct: that defense counsel failed to file a motion to quash or to advise appellant
of its availability, thereby relieving the State from specifically alleging and proving the nature of the
intoxicant she ingested; that defense counsel failed to acquaint himself with facts or confer with his
client concerning the possible side effects of appellant's medication and, therefore, failed to
discharge his duty to conduct an independent investigation of the facts to meet the State's case; and
that he failed to investigate the scene of the offense to challenge the officer's lack of reasonable
suspicion to stop appellant's vehicle. Appellant contends that these acts of deficient conduct were
not the result of reasonable professional judgment and that, but for counsel's deficient conduct, she
would not have pleaded guilty. As a consequence, she contends her guilty plea was entered
involuntarily.

 We apply the well-recognized standard for determining claims of ineffective
assistance under the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 687 (1984). 
In Strickland, the Supreme Court adopted a two-pronged analysis requiring the defendant to show
(1) counsel's performance was deficient and fell below an objective standard of reasonableness, and
(2) counsel's deficient performance resulted in prejudice to the defense. Id. at 688, 691. To
establish prejudice, an appellant must prove that, but for counsel's deficient performance, the result
of the proceeding would have been different. Id. at 694; Ex parte Lemke, 13 S.W.3d 791, 796 (Tex.
Crim. App. 2000). In this case, that means appellant must prove that, but for counsel's errors, she
would not have pleaded guilty. See Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997);
Tabora v. State, 14 S.W.3d 332, 336 (Tex. App.--Houston [14th Dist.] 2000, no pet.). In reviewing
a claim of ineffective assistance, we indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). The defendant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound strategy. Id.

 A counsel's ineffectiveness may render a plea of guilty involuntary. Haynes v. State,
790 S.W.2d 824, 828 (Tex. App.--Austin 1983, no pet.). No plea of guilty or no contest may be
accepted by a trial court unless it is freely and voluntarily given. Tex. Code Crim. Proc. Ann. art.
26.13(b) (West 1989). An accused is entitled to effective assistance of counsel during the plea
bargaining process. Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). A defendant's plea
of guilty is not voluntary or knowing when it is based upon the erroneous advice of counsel. Id. As
a general rule, we determine the voluntariness of an appellant's plea based upon the "totality of
circumstances" surrounding the plea. Griffin v. State, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986). 
Whether the Strickland standard has been met is judged by the totality of the representation rather
than by isolated acts or omissions of trial counsel. Bridge v. State, 726 S.W.2d 558, 571 (Tex. Crim.
App. 1986).

 To prevail on an ineffective assistance claim in a guilty plea case, an appellant must
show that counsel's advice was not within the range of competence demanded of attorneys in
criminal cases and, but for counsel's errors, the appellant would not have pleaded guilty and would
have insisted on going to trial. Ex parte Morrow, 952 S.W.2d at 536. Our scrutiny of counsel's
performance must be highly deferential. Id. We seek to "eliminate the distorting effects of
hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the
conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Any allegation of
ineffectiveness must be "firmly founded" in the record. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).

 Appellant's sworn application contains the only facts challenging the conviction. The
crux of her first contention is that


counsel never informed applicant of her right to require the State to plead its theory
of the intoxicant she allegedly ingested. If counsel had told applicant of this right,
she would have insisted on requiring the State to provide the notice to which she was
entitled. Such notice was critical to provide the notice to which she was entitled. 
Such notice was critical to a proper understanding of the case in view of the alcohol
ingested, prescription medication ingested, and results of the breath test. It appears
counsel chose to simply rely on the facts contained within the offense report to
acquaint himself with the case.



If counsel had filed a timely motion to quash, the State would have been required to plead
disjunctively its theory of intoxication if it relied on the combination of substances. See Garcia v.
State, 747 S.W.2d 379, 381 (Tex. Crim. App. 1988) (holding DWI information subject to motion
to quash for failing to specify statutory intoxicant State intended to prove). (1) Although appellant
argues that her trial counsel's failure to require the State to plead its theory of the intoxicant rendered
her plea involuntary, she cites no authority for this proposition. This conduct alone does not carry
appellant's burden to show counsel's conduct was deficient. Without further evidence of the facts
of appellant's case, what counsel actually believed, and what counsel told her about the applicable
law and the appropriate defenses raised, appellant simply has not met her burden of showing that her
trial attorney's performance fell outside the range of competent representation.

 Likewise, in her second claim, she urges that


counsel failed to acquaint himself with the facts concerning applicant's medication
and manner in which the side effects of that medication could have been used at trial
to meet the State's evidence of the field sobriety test. Counsel should have explained
such matters to applicant. Rather than doing so, he simply advised her to plead guilty
after he watched a portion of the video tape depicting the field sobriety test.



Appellant admitted to ingesting both alcohol and prescription medication. In her application, she 
asserts that her "counsel had access to the arresting officer's offense report," that he failed to
"acquaint himself with the facts concerning applicant's medication," and that he "should have
explained such matters" to appellant. She does not aver that she did not have access to the report
or to other discovery nor does she aver that she failed to understand the effect of medication on the
charges. Again, without further evidence of the facts of her case and what counsel told her about the
applicable law and the appropriate defenses, appellant has failed to carry her burden.

 Nothing in the record beyond her mere assertions shows appellant would have
changed her plea or insisted on proceeding to trial. Without such a showing, we cannot conclude
appellant received ineffective assistance of counsel. See Tabora, 14 S.W.3d at 335. While appellant
makes numerous assertions in the application and appellate brief that her counsel's performance was
deficient, such unsupported assertions alone are insufficient to sustain her claim. See Thompson, 9
S.W.3d at 813-14 (holding that when record provides no explanation as to motivations behind trial
counsel's actions, appellate court should be hesitant to find counsel ineffective).

 When a defendant challenges the voluntariness of a plea as a result of ineffective
assistance, our analysis depends on whether counsel's advice was within the range of competence
demanded of attorneys in criminal cases and, if not, whether there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and would have insisted upon a trial on
the merits. Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). Like other types of
ineffective assistance claims, appellant has the burden to demonstrate that counsel's performance
fell below a reasonable standard of competence and that, had appellant been properly advised, she
would have, with reasonable probability, pleaded not guilty and insisted on a trial. See id.

 When the record reveals that the trial court properly admonished the defendant
regarding the consequences of his plea, the record presents a prima facie showing the defendant
entered a knowing and voluntary plea. Ybarra v. State, 960 S.W.2d 742, 745 (Tex. App.--Dallas
1997, no pet.). In cases that have held a guilty plea was involuntary, the record contains
confirmation of the misinformation by counsel, or documents that reveal the misinformation and
show its conveyance to the defendant. See, e.g., Ex parte Battle, 817 S.W.2d 81; Ex parte Griffin,
679 S.W.2d 15 (Tex. Crim. App. 1984); Ex parte Burns, 601 S.W.2d 370 (Tex. Crim. App. 1980). 
 The record does not support appellant's contention that her plea was involuntary. The
only evidence in the record reflects that appellant received written admonishments from the trial
court prior to pleading guilty. (2) Appellant does not claim that the admonishments were erroneous.
Nor does she claim the admonishments were inadequate. The record supports the trial court's
finding that appellant's showing was insufficient to carry her burden. There is no evidence in the
record to rebut the presumption that her attorney provided reasonable professional assistance, or that
his strategy was not sound. We overrule appellant's first and second issues.

 In her third issue, she claims that her trial counsel failed to adequately investigate the
facts of the case because he did not investigate the scene of the offense and did not file a motion to
suppress based on the arresting officer's lack of reasonable suspicion or probable cause to stop
appellant's vehicle. Attaching photographs of the scene to her application, she contends that the
offense report states that she made three lane changes from shoulder to shoulder in the span of two
blocks. She claims that the photographs belie the offense report because the "photographs reveal
that by the time the arresting officer began to follow applicant, the road had narrowed to a single lane
and there were no shoulders. Both sides of the road have curbs." Although the trial court found in
its order that the first two grounds were insufficient to raise the issue of ineffectiveness of counsel,
he found that the allegations in the third issue "are refuted by the photographs." Although the
photographs are not conclusive, they do show signs signifying that the access road narrows to one
lane and again returns to two lanes. While there is a portion of the road that is a single lane,
appellant did not establish that the offense report was in error. We overrule appellant's third issue.

CONCLUSION


 The trial court did not err in denying appellant's writ of habeas corpus because
appellant failed to carry her burden to show that her trial counsel provided ineffective assistance. 
We affirm the trial court's denial of the writ of habeas corpus.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: September 15, 2005

Do Not Publish
1. "Intoxicated" is defined as, among other things, "not having the normal use of mental or
physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or any other substance into the
body . . . ." Tex. Pen. Code Ann. § 49.01(2)(A) (West 2003).
2. In addition to waiving the right to trial by jury, appellant entered into a plea agreement
specifically agreeing to waive written motions on file and her right to appeal. The admonishments
were in writing and signed by the defendant and defense counsel.