Nalley v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-89-237-CR
No. 10-89-238-CR


        CHRISTOPHER COLT NALLEY,
                                                                              Appellant
        v.

        THE STATE OF TEXAS,
                                                                              Appellee
 

 From the 40th District Court
Ellis County, Texas
Trial Court # 16,374 & 16,375
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Appellant was convicted of two counts of indecency with a child and placed on probation
for ten years. Thereafter, the State filed a motion in each case to revoke his probation, alleging
that he had exposed himself to a group of children. The court revoked his probation and sentenced
him to ten years in prison. The complaint on appeal is that the court abused its discretion in
revoking his probation.
          Once granted, probation should not be arbitrarily withdrawn by the court; the court is not
authorized to revoke probation absent a showing that the probationer has violated a condition
imposed by the court. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim. App. 1987). In a
revocation proceeding, the state must prove the allegations of the motion by a preponderance of
the evidence. Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1987). The burden is met
when the greater weight of the credible evidence creates a reasonable belief that a condition of
probation has been violated as alleged. Id. Even when the court finds the allegations of the
motion to revoke the probation to be true, it has wide discretion to modify, continue, or revoke
the probation. Ex parte Tarver, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986). We review an
order revoking probation by determining whether the court abused its discretion. See Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).
          The child testified that she knew to tell the truth, that she and some friends were going to
the basketball court at the apartments where she lived, that she saw a "guy" with no clothes on in
his apartment, that he said "hey, girls" and "dick," that she could see his private parts because he
was naked, that he touched his private parts, and that Appellant was the "guy."
          Appellant concedes that he did not object to the competency of the eight-year old as a
witness. See Tex. R. Crim. Evid. 601(a)(2). When the child testified, the duty rested on the
court as the sole trier of the facts to assess the credibility of her testimony and to determine the
weight to give it. Tarver, 725 S.W.2d at 198; Diaz v. State, 516 S.W.2d 154, 156 (Tex. Crim.
App. 1974).
          Thus, based on the testimony of the child, the court could have determined that the greater
weight of the credible evidence created a reasonable belief that Appellant exposed his genitals to
the children with intent to gratify a sexual desire and that he was reckless about whether another
was present who would be offended or alarmed by his acts. See Jenkins, 740 S.W.2d at 437;
Tarver, 725 S.W.2d at 198; Tex. Penal Code Ann. § 21.08 (Vernon 1989). In so finding, the
court could conclude that Appellant had violated a condition of his probation by committing an
offense against the laws of the state. See Jenkins, 740 S.W.2d at 437; Tex. Penal Code Ann.
§ 21.08 (Vernon 1989). Because Appellant violated a condition of his probation, we cannot say
that the court abused its discretion in revoking Appellant's probation. See Tarver, 725 S.W.2d
at 200; Cardona, 665 S.W.2d at 493.
          We affirm the judgment in each case.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 4, 1991
Do not publish



e to the legal sufficiency of the evidence, we do not weigh favorable
and non-favorable evidence. Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000)
(citing Cardenas v. State, 30 S.W.3d 384 (Tex. Crim. App. 2000)). Rather, we view all the
evidence in the light most favorable to the verdict and determine whether a rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Burden v.
State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Lane v. State, 933 S.W.2d 504, 507 (Tex.
Crim. App. 1996) (citing due process standard from Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979)). We consider both direct and circumstantial evidence as well as
evidence improperly admitted. Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993);
Logan v. State, 48 S.W.3d 296, 299 (Tex. App.—Texarkana 2001), aff’d, 89 S.W.3d 619 (Tex.
Crim. App. 2002). The judgment may not be reversed unless it is irrational or unsupported by
proof beyond a reasonable doubt. Matson v. State, 819 S.W.2d 839, 846-47 (Tex. Crim. App.
1991) (citing Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)); In re A.C., 48
S.W.3d 899, 903 (Tex. App.—Fort Worth 2001, pet. denied).
      Reviewing the testimonies of Honeycutt, Trussel, Anastasio, and Hargrove in the light most
favorable to the verdict, we find that a rational jury could have found beyond a reasonable doubt
that Honeycutt arrested Hargrove at the police department for possession of cocaine. Burden, 55
S.W.3d at 612. The finding was not irrational or unsupported by proof beyond a reasonable
doubt. Matson, 819 S.W.2d at 846-47.
Factual Sufficiency
      In reviewing a challenge to the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. See Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997). We must view all the evidence without the prism of the “in the light
most favorable to the prosecution” construct. See Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). We ask “whether a neutral review of all the evidence, both for and against
the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence
in the jury’s determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof.” Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000);
Zuliani v. State, (Tex. Crim. App. Feb. 2, 2003); see also Goodman v. State, 66 S.W.3d 283, 285
(Tex. Crim. App. 2001).
      We must also remain cognizant of the factfinder’s role and unique position—one that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The jury determines the
credibility of the witnesses and may “believe all, some, or none of the testimony.” Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the jury that accepts or rejects
reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A decision is not
manifestly unjust as to the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).
      Honeycutt testified in response to several questions that he arrested Hargrove for possession
of cocaine. Hargrove said he believed he was under arrest only for the marijuana charge, but he
was never asked if Honeycutt told him he was being arrested for the cocaine charge. And
although Trussell began the tape referring only to the arrest for the marijuana charge, the
significance of that omission is reduced by his testimony that there was a discussion about dealing
with the cocaine charge by Hargrove becoming an informant. Finally, Anastasio testified that
Hargrove “was told he was filed on possession of crack cocaine that was found on him, and that
he was going to jail that night.” Considering all the evidence, and deferring to the jury for
credibility determinations, we do not find that the evidence “demonstrates that the proof of [the
finding] is so obviously weak as to undermine confidence in the jury’s determination, or the proof
of [the finding], although adequate if taken alone, is greatly outweighed by contrary proof.” 
Johnson, 23 S.W.3d at 11.
Conclusion
      The evidence is legally and factually sufficient to support a finding that Honeycutt arrested
Hargrove for possession of cocaine, and that the arrest occurred before the escape. We overrule
the sufficiency-of-the-evidence issues.
Necessity Defense
      Hargrove proffered two employees from the county jail from whom he wanted to adduce
testimony that, while being held at the jail, he had been allowed outside the locked premises,
unshackled and sometimes unsupervised, to perform work duty, and he had not tried to escape. 
He argued that the testimonies would (1) support his “necessity” defense by showing that his
“intent” in escaping from the officers was only to avoid being harmed by them, and (2) rebut
testimony of his “intent” to escape to avoid incarceration, which was elicited from him by the
State during his testimony—unobjected to—about three prior incidents in which he ran from
police. “Necessity” is a justification for otherwise criminal conduct.
      Conduct is justified if:
 
(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent
harm;
(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary
standards of reasonableness, the harm sought to be prevented by the law proscribing the
conduct; and
(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise
plainly appear.
Tex. Pen. Code Ann. § 9.22 (Vernon 2002). The trial court did not allow the witnesses to
testify. The court did, however, allow the defense, and there were appropriate instructions in the
jury charge.
      We review a trial court’s decision to admit or exclude evidence for whether there is an abuse
of discretion, i.e., for whether the trial judge's decision lies “within the zone of reasonable
disagreement.” Rachal v. State, 917 S.W.2d 799, 816 (Tex. Crim. App. 1996); Rankin v. State,
974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (citing Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (opinion on reh’g)).
      Hargrove first argues that his “character for trustworthiness” was at issue, and he was entitled
to present evidence of it. Tex. R. Evid. 404(a)(1)(A). Without deciding whether “character for
trustworthiness” was at issue, we note that he agrees that character evidence must be in the form
of reputation or opinion evidence, which was not the form of the testimony of his two witnesses. 
Tex. R. Evid. 405(a); Brief of Appellant p. 23. Therefore, the trial court did not abuse its
discretion in excluding the witnesses for this reason.
      Hargrove next argues that the witnesses would have supported his “necessity” defense by
showing that his “intent” in escaping was only to avoid being harmed by the officers. Tex. R.
Evid. 404(b); Tate v. State, 981 S.W.2d 189, 193 (Tex. Crim. App. 1998) (the defendant, not
solely the State, may rely on Rule 404(b)); Gonzales v. State, 2 S.W.3d 600, 605 (Tex.
App.—Texarkana 1999, pet. ref’d) (defendant may rely on 404(b) to prove his intent to self-defend). He says that, had his “intent” in escaping from the officers been to avoid incarceration,
rather than to avoid being harmed by them, he would have also tried to escape at the jail when he
had the opportunity. We agree with Hargrove that there is a logical relationship between his
failure to try and escape from the jail and the “intent” aspect of his “necessity” defense. Thus the
trial court abused its discretion in not allowing the testimonies on this basis.
      Finally, Hargrove argues that the witnesses would have provided evidence of his “intent” to
avoid immediate harm which would have rebutted the State’s evidence of three previous incidents
in which he ran from police. Tex. R. Evid. 404(b); Tate, 981 S.W.2d at 193; cf. Webb v. State,
36 S.W.3d 164, 180 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d) (State may rebut
defensive theory with Rule 404(b) evidence) (citing Ransom v. State, 920 S.W.2d 288, 301 (Tex.
Crim. App. 1996) (opinion on reh’g)). These three incidents created an inference that enhanced
the State’s allegation that Hargrove escaped not from fear of harm but from fear of incarceration. 
We agree with Hargrove that the inference to be drawn from the witnesses’ testimonies about his
“intent” tends to rebut the inference drawn from the State’s adducing the prior incidents of flight. 
Thus the trial court also abused its discretion in not allowing the testimonies on this basis.
      Having found error, we must review for “harm.” We will disregard any error that does not
affect a substantial right of the complaining party. Tex. R. App. P. 44.2(b). "A substantial right
is affected when the error had a substantial and injurious effect or influence in determining the
jury's verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos
v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). We do not
reverse if, "after examining the record as [a] whole, [we have] fair assurance that the error did not
influence the jury, or had but a slight effect.” Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998); see also Schutz v. State, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001). The
reviewing court should consider everything in the record, including all the evidence admitted, the
closing arguments, and voir dire. Motilla v. State, 78 S.W.3d 352, 358 (Tex. Crim. App. 2002). 
The strength of the evidence of guilt, especially if it is overwhelming, is a factor to be considered. 
Id. at 357-58.
      The testimonies of the witnesses who were excluded would have supported Hargrove’s
“necessity” defense, because the defense depended on convincing the jury that he escaped not to
avoid incarceration but to avoid being harmed by the officers. The testimonies, however, would
not have been dispositive of that inquiry. Also part of the inquiry is that, on three previous
occasions, Hargrove ran from police, and that he was, at the time of the escape, under arrest for
two felonies. In addition, his credibility as a witness was at issue, and that is a matter for the jury
which heard him testify that he had been to prison previously after being convicted in 2000 of
possession of cocaine. Furthermore, Hargrove was not prevented from raising his “necessity”
defense which was included in the jury charge and which he argued extensively in closing
argument. Finally, there was ample evidence that he committed the offense. Therefore, we
conclude "after examining the record as [a] whole, [that we have] fair assurance that the error did
not influence the jury, or had but a slight effect.” Johnson, 967 S.W.2d at 417.
      We overrule these issues.
Conclusion
      Having overruled Hargrove’s issues, we affirm the judgment.
 

                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray concurring)
Affirmed
Opinion delivered and filed July 30, 2003
Do not publish
[CR25]