IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1547-10






Ex parte DUSTIN DOAN, Appellant








ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY





 Johnson, J., filed a concurring opinion in which Cochran and Alcalá, JJ.,
joined.


C O N C U R R I N G O P I N I O N



 This Court granted review on a single ground: "The Court of Appeals erred in holding that
the Brazos County Attorney and the Travis County Attorney were not the 'same parties' for collateral
estoppel purposes." That ground was the only issue briefed by the parties. That ground does not
require or even ask this Court to resolve the issue of whether collateral estoppel applies. Today the
Court resolves the only issue before it, finds that both prosecutor's offices are "the State," and
remands the cause to the court of appeals so that it may consider the remaining issue: given that the
Brazos County Attorney and the Travis County Attorney are the "same party" for collateral-estoppel
purposes, does collateral estoppel apply in the circumstances presented by this cause?

 Ex parte Tarver, 725 S.W.2d 195 (Tex. Crim. App. 1986), examined whether a finding by
a district judge-that the evidence of a subsequent offense that was presented as grounds for revoking
a felony probation was "totally incredible"-barred prosecution of the subsequent offense in the
county court-at-law of the same county. That is not what we are deciding here, and so we need not,
at this time, consider the continuing validity of Tarver. (1)

 In 1987, the Legislature amended the Code of Criminal Procedure, Article 28.061. At the
time of that session, Art. 28.061 provided that

[i]f a motion to set an indictment, information, or complaint for failure to provide a
speedy trial as required by Article 32A.02 is sustained, the court shall discharge the
defendant. A discharge under this article is a bar to any further prosecution for the
offense discharged or for any other offense arising out of the same transaction. 


Article 32A.02 provided that 


[a] court shall grant a motion to set aside an indictment, information, or complaint
if the state is not ready for trial within: 

 (1) . . . [felony];

 (2) 90 days of the commencement of a criminal action if the defendant is
accused of a misdemeanor punishable by a sentence of imprisonment for more than
180 days; or

 (3) 60 days of the commencement of a criminal action if the defendant is
accused of a misdemeanor punishable by a sentence of imprisonment for 180 days
or less or punishable by fine only.


 The practical effect of these two articles was an absolute bar to prosecution of a felony if a
lower court failed to try the accused on a lesser accusation from the same criminal transaction within
the statutory time period. Thus, if a person were accused of failure to signal a turn while fleeing
from a robbery that resulted in a death and the municipal prosecutor did not announce ready within
60 days, the felony prosecutor was barred from ever prosecuting the concurrent felony murder
because it was part of the same criminal transaction as the failure to signal.

 In 1987, the legislature resolved that issue by adding the words "other than an offense of a
higher grade that the attorney representing the state and prosecuting the offense that was discharged
does not have the primary duty to prosecute" to Article 28.061. The amendment clearly treated
municipal, county courts, and felony prosecutors as separate classes of parties. However, by using
the words "other than an offense of a higher grade that the attorney representing the state and
prosecuting the offense that was discharged does not have the primary duty to prosecute," it did not
treat prosecutors within a class of prosecutors as a party separate from other prosecutors in the same
class. Thus, as the Court decides today, the Brazos County Attorney is the "same party" as the
Travis County Attorney.

 I join the opinion of the Court.


Filed: June 20, 2012

Publish 
1. While the Tarver Court did, in footnote 3, "note that one need not be twice placed in jeopardy of criminal
punishment in order for collateral estoppel to apply," the footnote continues: "See One Lot Emerald Cut Stones and
One Ring v. United States, 409 U.S. 232, 233-34 . . . (1972) (collateral estoppel would bar a civil forfeiture
proceeding if the elements of such forfeiture had been resolved against the government in an earlier criminal
proceeding.)"