**Opinion issued August 29, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NOS. 01-23-00728-CR & 01-23-00729-CR**

————————————

**EX PARTE COREY DAVISON**

————————————

**THE STATE OF TEXAS, Appellant**

**V.**

**COREY DAVISON, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1822734 & 1764779**

---

**MEMORANDUM OPINION**

In these two causes arising from a single hearing, the State of Texas appeals the trial court's order granting appellee Corey Davison's application for writ of habeas corpus in cause number 1822734 and its order dismissing the indictment in

cause number 1764779. In its sole point of error, the State contends that the trial court abused its discretion in granting the application and dismissing the indictment against Davison based on a legal theory explicitly rejected by the Texas Court of Criminal Appeals. We reverse.

## Background

A detailed recitation of the procedural history in this case is necessary to our discussion of the appeal.

On February 8, 2019, Davison was indicted for continuous sexual abuse of a child in cause number 1620992. The indictment alleged that Davison committed at least two acts of sexual abuse against N.W., a child younger than fourteen years of age, between July 16, 2016 and January 26, 2017. At the time of the indictment, Davison was on deferred adjudication community supervision for aggravated assault of a family member in cause number 1541644.[1]

The State moved to adjudicate Davison's guilt in the aggravated assault case. On August 4, 2020, the State filed a "3rd Amended Motion to Adjudicate Guilt." The motion alleged several new law violations, most of which were sexual offenses against the complainant, N.S.W., alleged in cause number 1620992.

On March 3, 2020, while the motion to adjudicate in cause number 1541644 was pending, the State moved to dismiss the charge of continuous sexual abuse

---

[1]     Davison pleaded guilty to the charged offense in 2018.

against Davison in cause number 1620992. The motion to dismiss stated that the complainant's mother was "not cooperative at this time" but that the case was subject to refiling, and it included a notation to use the new law violation in the motion to adjudicate hearing.

The trial court held a hearing on the State's motion to adjudicate guilt in October 2020. At the conclusion of the hearing, the trial court found all allegations in the motion to adjudicate guilt "not true," including the allegations of sexual abuse against the complainant, and it reinstated Davison's deferred adjudication community supervision.

On March 31, 2022, the State re-indicted Davison for continuous sexual abuse of a child, N.S.W., in cause number 1764779. The dates of alleged abuse in the refiled indictment were the same as the previous indictment, July 16, 2016 through January 26, 2017, but the complainant was now referred to as N.S.W. instead of just N.W. [2]

On June 6, 2023, Davison filed an application for writ of habeas corpus seeking to prevent the State from proceeding on the charge of continuous sexual abuse of child in cause number 1764779 under the theory of collateral estoppel. He argued that the offenses alleged in cause number 1764779 and cause number

---

[2] The record reflects that N.W. in cause number 1620992 and N.S.W. in cause number 176477 are the same complainant.

3

1620992 were identical—alleging the same complainant ("N.W." and "N.S.W.") and the same time frame (July 16, 2016 through January 26, 2017). He asserted that the evidence regarding the offense for which he was indicted in cause number 1620992 and now indicted in cause number 1764779 had already been presented for the court's consideration in the State's 3rd Amended Motion to Adjudicate heard in October 2020, and the trial court found the allegations "not true." He argued that the State's decision to not try him for the continuous sexual abuse offense but to instead proceed on it at the motion to adjudicate hearing was an attempt by the State to retry him for the same offense litigated in its motion to adjudicate. Davison contended that the trial court's finding of "not true" necessitated a conclusion that the trial court found the State's evidence insufficient under the lesser burden of preponderance of evidence applicable to a motion to adjudicate guilt. Thus, he argued, any further prosecution of him for continuous sexual abuse of N.S.W. was prohibited under the doctrine of collateral estoppel.[3]

The trial court held two hearings on Davison's writ application. At the first hearing, the State argued that in *State v. Waters*, 560 S.W.3d 651 (Tex. Crim. App. 2018), the Court of Criminal Appeals held that a trial court's finding of "not true" at

---

[3] The elements necessary to support collateral estoppel are (1) a "full hearing" at which the parties had an opportunity to thoroughly and fairly litigate the relevant fact issue, (2) the fact issue must be the same in both proceedings, and (3) the fact finder must have acted in a judicial capacity. *State v. Aguilar*, 947 S.W.2d 257, 259–60 (Tex. Crim. App. 1997).

a probation revocation hearing did not collaterally estop the State from using those same allegations in a subsequent criminal prosecution. The trial judge stated that she recalled finding the allegations "not true" at the motion to adjudicate hearing. However, as there was no record of its ruling at the October 2020 hearing, the trial court decided to hold a subsequent hearing so that the court reporter and court liaison officer present at the motion to adjudicate hearing could testify about their memories of the ruling.

At the second writ hearing, the court reporter who had been present at the October 2020 adjudication hearing testified that she had no personal memory of the outcome of the hearing. She further testified that she had a note stating "not true and probation reinstated," but she did not recall the source of the information. The court liaison officer who had been present at the October 2020 hearing testified that he did not remember the hearing, but that his notes showed that the trial court had found the allegations "not true." Following the witnesses' testimony, the State argued that *Waters* had eliminated the doctrine of collateral estoppel for cases in this posture. The prosecutor stated that even if collateral estoppel applied, the defense had not produced a record showing what was found at the October 2020 hearing. Defense counsel responded that *Waters* was distinguishable from the present case because the revocation proceeding in *Waters* had been perfunctory while the revocation

5

proceeding in this case—at which the State had attempted to call witnesses and offer evidence to try and prove up the allegations—was extensive.

After reading *Waters* during a recess, the trial court stated that it was granting the relief requested by Davison in his application for writ of habeas corpus. On September 29, 2022, the trial court signed orders granting the writ in cause number 1822734 and dismissing the indictment in cause number 1764779. The State filed this appeal.[4]

## Standard of Review

We review a trial court's grant of habeas relief for an abuse of discretion. *Ex parte Becciu*, 615 S.W.3d 482, 491 (Tex. App.—Houston [1st Dist.] 2020, pet. denied) (citing *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)). We afford almost total deference to a trial court's fact findings when supported by the record, especially when the findings are based upon credibility and demeanor. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013); *Ex parte Becciu*, 615 S.W.3d at 491. We afford the same amount of deference to the trial court's application of the law to the facts when the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *Ex parte Vasquez*, 499 S.W.3d 602,

---

[4]    The State may appeal an order dismissing an indictment. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1).

606 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). We review de novo mixed questions of law and fact that do not depend upon credibility and demeanor. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014).

## Discussion

In its sole point of error, the State contends that the trial court abused its discretion by dismissing the charge against Davison in cause number 1764779 based on a legal theory explicitly rejected by the Texas Court of Criminal Appeals. It argues that in *Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986), the Texas Court of Criminal Appeals held that a trial court's finding of "not true" at a probation revocation proceeding collaterally estopped the State from proceeding with a criminal charge on those same allegations.[5] It notes, however, that in *State v. Waters*, 560 S.W.3d 651 (Tex. 2018), the Court explicitly overruled *In re Tarver* and held that "a subsequent criminal prosecution is not barred following a trial judge's finding of 'not true' at a revocation hearing." *Id.* at 663.

Davison responds that the present case is distinguishable from *Waters* because, in *Waters*, the State put forth no substantive evidence of a new law violation

---

[5] While a hearing on whether a defendant violated the terms of community supervision may be called an "adjudication hearing," it is governed by the same rules as a hearing to revoke community supervision and is, in practical terms, a hearing on whether to revoke the defendant's deferred adjudication community supervision. *Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012).

7

in the probation revocation hearing whereas, here, the State put forth substantive evidence in the motion to adjudicate hearing. Davison argues that the holding in *Waters* should be narrowly applied to similar factual situations and not extended to the present case.

## A.    Applicable Law

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against a second prosecution for the same offense for which he has been previously acquitted or previously convicted. *Littrell v. State*, 271 S.W.3d 273, 275 (Tex. Crim. App. 2008). In *Ashe v. Swenson*, 397 U.S. 436 (1970), the United States Supreme Court held that collateral estoppel is one of the protections embodied within the Fifth Amendment guarantee against double jeopardy.[6] *See id.* at 443; *see also State v. Aguilar*, 947 S.W.2d 257, 259 (Tex. Crim. App. 1997). Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final

---

[6]    In *Ashe v. Swenson*, several armed men robbed a victim who was playing in a poker game with five other men. *See* 397 U.S. 436, 438 (1970). The defendant was charged in separate counts with robbery of each of the six poker players. *See id.* The jury acquitted the defendant for insufficient evidence in the prosecution for robbery of one of the other victims. *See id.* at 441-42. Noting that "[t]he single rationally conceivable issue in dispute before the jury was whether the [defendant] had been one of the robbers" and "the jury by its verdict found that he had not," the Court concluded that the rule of collateral estoppel precluded a subsequent prosecution of the defendant for robbery of a different player. *Id.* at 445.

judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443.

The Court of Criminal Appeals later considered the doctrine in the context of a probation revocation hearing. *See Ex parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986). In *Tarver*, the defendant was found guilty of the offense of possession of cocaine and was granted probation for a period of ten years. *See id.* at 196. When the defendant was later charged with assault, the State filed a motion to revoke his probation based on the allegation that the defendant had violated the terms of his probation by committing assault. *See id.* Following a probation revocation hearing, the trial court granted a defense motion to find the allegation "not true," and the motion to revoke probation was denied. *See id.*

The defendant filed an application for writ of habeas corpus in the county criminal court at law where the assault charge was pending, asking that the charge be dismissed because the ruling of the district court at the probation revocation hearing represented a finding that applicant was not guilty of the charged assault, and the State was therefore barred from prosecuting him for the same offense. *See id.* Following a hearing, the trial court denied the relief sought. *See id.* This Court reversed, granted relief, and ordered the information and prosecution dismissed. *See id.* at 197. The Court of Criminal Appeals affirmed this Court's judgment, holding that the doctrine of collateral estoppel bars the State from prosecuting an offense

9

following a trial judge's finding of 'not true' as to the commission of that same offense at an earlier probation revocation hearing. *See id.* at 200.

In 2018, the Court of Criminal Appeals revisited its precedent in *Tarver* to determine whether the decision remained good law. *See State v. Waters*, 560 S.W.3d 651 (Tex. Crim. App. 2018). In *Waters*, the defendant was on community supervision for an offense when she was arrested for driving while intoxicated (DWI). *See id.* at 654. The State filed a motion to revoke the defendant's community supervision alleging, among other grounds, that she had violated the terms of her supervision by committing another criminal offense. *See id.* Following a hearing, the trial court found the allegation that the defendant had violated the terms of her probation by committing the offense of DWI "not true," rejected the State's motion to revoke, and issued an order continuing the defendant on community supervision. *See id.*

Later, the State filed an information charging the defendant with the same instance of DWI that had been alleged in the motion to revoke. *See id.* Relying on *Tarver*, the defendant filed a pretrial application for a writ of habeas corpus arguing that because the State had previously sought to revoke her community supervision based on the same instance of DWI that was alleged in the information, and the trial judge at the revocation hearing had found that allegation "not true," the State was precluded from prosecuting her for that offense. *See id.* at 655. The trial court agreed,

10

granted the defendant's request for pretrial habeas relief, and dismissed the information against her. *See id.*

The court of appeals upheld the lower court's judgment and concluded that any subsequent prosecution for the DWI offense constituted an attempt by the State to relitigate the same fact issue that had already been resolved against it, and the prosecution was thus barred by collateral estoppel under *Tarver. See id.* On the State's petition for discretionary review, the Court of Criminal Appeals overruled *Tarver* and held that a trial court's finding of "not true" did not estop the State from prosecuting the defendant in a different case for the same allegations. *See id.* at 663.

Davison contends that the facts of the present case are distinguishable from those in *Waters*. He points out that, in *Waters*, the only evidence offered by the State that the defendant committed the offense of DWI while on probation was the testimony of the community supervision officer. At the hearing, the officer testified that he was aware that the defendant had been arrested for DWI but that he otherwise had no personal knowledge of the facts surrounding the alleged offense. *See id.* at 654. Davison argues that the facts in the present case stand in stark contrast to the facts in *Waters*. In particular, he points to the fact that during the revocation hearing in this case the State called multiple witnesses and unsuccessfully offered medical records into evidence in an effort to prove the allegations by the lower standard of a preponderance of the evidence applicable in revocation hearings. Davison argues

11

that the critical difference between the present case and *Waters* is the level of effort by the State to prove the allegations. We are not persuaded.

While the Court in *Waters* noted that the State's sole evidence in support of its allegation that the defendant had committed DWI was the community supervision officer's testimony, its holding and explicit overruling of *Tarver* did not turn on this fact. Rather, the Court examined the two rationales on which its decision in *Tarver* could have been based—federal collateral estoppel principles as embodied in the double jeopardy clause of the Fifth Amendment or, alternatively, state common law estoppel principles. *See id*. at 657. With respect to the first basis, the Court concluded that federal double jeopardy principles are not implicated under these circumstances because a person facing an allegation of a new offense at a probation revocation hearing has not been placed in jeopardy of punishment for that offense given that guilt or innocence is not the central issue at a revocation hearing. *See id*. at 658–59. With respect to the second basis, the Court determined that significant legal and policy considerations counsel against application of state common law estoppel principles. *See id.* As the Court noted in a later decision, "[t]he upshot of *Waters* is that a criminal defendant has neither a constitutional nor even a common-law right to invoke collateral estoppel in a criminal proceeding following a finding of 'not true' at an earlier probation-revocation hearing." *Simpson v. State*, 591 S.W.3d 571, 574 (Tex. Crim. App. 2020). Nothing in *Waters* suggests that the Court's holding

turned on the amount of evidence the State offered to prove up the allegation against the defendant, or that it otherwise narrowed its holding to cases in which the State makes little effort to prove the allegations.

Consistent with *Waters*, the trial court's finding of "not true" at the hearing on the State's motion to adjudicate guilt did not collaterally estop the State from later proceeding with a criminal charge against Davison on those same allegations. *See Winters*, 560 S.W.3d at 663. We hold that the trial court abused its discretion in granting Davison's application for writ of habeas corpus in cause number 1822734 and dismissing the indictment in cause number 1764779. Accordingly, we sustain the State's sole issue.[7]

## Conclusion

We reverse the trial court's orders granting Davison's application for writ of habeas corpus in cause number 1822734 and dismissing the indictment in cause number 1764779 and remand these causes to the trial court for further proceedings consistent with this opinion.

Amparo Monique Guerra
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

---

[7] In light of our holding, we do not reach the State's additional argument that even if collateral estoppel applied in this case, Davison failed to make an adequate showing. *See* TEX. R. APP. P. 47.1.

Do not publish. Tex. R. App. P. 47.2(b).