

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00698-CR

Alejandro M. **BRAVO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR10352
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  June 27, 2018

AFFIRMED

After entering a plea of nolo contendere to the felony charge of failing to stop and render aid on March 5, 2012, Appellant Alejando M. Bravo was sentenced to ten years confinement in the Institutional Division of the Texas Department of Criminal Justice, suspended and probated for a term of ten years.  On September 20, 2017, the trial court revoked Bravo's probation and assessed punishment at eight years confinement.  On appeal, Bravo contends the trial court's revocation violates Texas Code of Criminal Procedure article 42A.756's prohibition against revocations involving failure to report absent proof of due diligence to contact the defendant.  *See*

TEX. CODE CRIM. PROC. ANN. art. 42A.756 § 24 (West 2018). We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2012, as part of a plea agreement with the State, Bravo entered a plea of nolo contendere to the State's indictment charging failure to stop and render aid; in accordance with the plea agreement, the trial court assessed ten years confinement in the Institutional Division of the Texas Department of Criminal Justice, suspended and probated for a term of ten years.

Following Bravo's first motion to revoke, filed on December 2, 2013, the trial court amended Bravo's conditions of community supervision to include in-patient treatment at the Substance Abuse Felony Punishment Facility (SAFPF). A second motion to revoke was filed on September 29, 2016, and an amended motion on June 23, 2017.

On September 3, 2017, the trial court heard testimony regarding the State's motion to revoke and the State's first amended motion to revoke Bravo's community supervision. The trial court found several allegations true, revoked Bravo's community supervision, and sentenced Bravo to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice.

## COMMUNITY SUPERVISION REVOCATIONS

### A. Standard of Review

"Appellate review of an order revoking [community supervision] is limited to abuse of the trial court's discretion." *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); *see also Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012). The "central issue . . . is whether the defendant was afforded due process of law." *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015). On a motion to revoke community supervision, the State bears the burden to prove the allegations in the

motion to revoke by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64. This burden is met when the "greater weight of the credible evidence [creates] a reasonable belief that the defendant has violated a condition of his [community supervision]." *Id*. (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). "The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial [court's] ruling." *Brown v. State*, 354 S.W.3d 518, 519 (Tex. App.—Fort Worth 2011, pet. ref'd) (mem. op.).

Proof of any one violation is sufficient to support revocation. *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.); *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("[O]ne sufficient ground for revocation will support the court's order to revoke probation."). Upon a finding of true, by the trial court, on the State's allegations, the court "has wide discretion to modify, revoke, or continue the [community supervision]." *Ex parte Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986); *see also Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.). "If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision." *Brown*, 354 S.W.3d at 519.

### B.     Arguments of the Parties

Bravo contends the trial court abused its discretion when it improperly revoked Bravo's community supervision probation without first establishing that the State exercised due diligence in attempting to contact or attempt to contact Bravo at his last known address or place of employment.

The State counters that Bravo's challenge is only to one ground on which the trial court revoked probation. The trial court revoked Bravo's probation on several grounds and only one ground is necessary to support the revocation.

**C.    Alleged Violations and Bravo's Plea Entries**

The violations, about which Bravo complains on appeal, are the violations to condition No. 5 of his community supervision—his failure to report to his supervision officer—to which he enter a plea of "true with explanation." The State also alleged: (1) violation of condition No. 14—failure to complete 320 hours of community service/restitution, and (2) four violations of condition No. 1—"Neither commit nor be convicted of any offense against the Laws of the State of Texas; or any other State or of the United States of America." Specifically, the State alleged Bravo committed felon in possession of a firearm, evading arrest (second offense), possession of a controlled substance, and assault bodily injury, all allegedly committed on June 19, 2016. At the beginning of the hearing, the State abandoned the possession of a controlled substance allegation.

Elizabeth Kelley, with Bexar County Adult Probation, testified that as part of his community supervision, Bravo was required to complete 320 hours of community service. As of the date of the hearing, during the four years of his probation, Bravo completed six hours of community service/restitution.

Bravo also testified at the hearing. Bravo admitted during his direct examination that when he was stopped by officers on June 19, 2016, he ran from the officers because he was afraid of what would happen to his son, who was on juvenile probation. When asked about his failure to report, Bravo explained that he reported a couple of days late, and his probation officer was very upset. Bravo testified he became very discouraged and simply stopped reporting. When the probation officer told him that he only had six hours of community service, although Bravo knew that she was wrong, he did not want to argue with her. When the probation officer told him to bring paperwork to support his claim of health issues, he did. Bravo could not explain why the paperwork was not in the file.

Bravo also acknowledged his prior motion to revoke. He attended SAFPF; Bravo averred that he was doing well until 2016 when he stopped reporting. Bravo explained,

> Bravo: I'm asking for [the trial court] to—to understand and to possibly reinstate my probation. I know that I've made some bad choices, but I believe that they're—they're for a good purpose, for a good—for a reason. Not for any selfish reasons or for reasons of me committing crimes or, you know, for fun or for disrespecting the Court.
>
> I—I tried—I honestly have tried to successfully complete my probation and make payments, although it's been difficult, you know. I mean, I've lost a lot of family. I lost my mother. I lost my wife. I lost other family members as well. My father-in-law died at work. That's only a few months ago. Just trying to pick up the pieces.
>
> At the same time or—just—I mean, I need—I need—I need to regain my freedom so that way I can attempt to get my life back in order and try to save my son from making any more bad mistakes.

With the exception of the assault charge, the trial court found each of the State's allegations true.

### D.     Analysis

We acknowledge section 24 of Texas Code of Criminal Procedure article 42A.756 provides a due diligence defense applicable to revocations involving allegations of failure to report or failure to remain within a specified place. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.756 § 24 (West 2018).

Here, the trial court's decision to revoke was based on additional violations, other than Bravo's failure to report, namely, his failure to complete community service hours and his June 19, 2016 evading arrest. Bravo testified that he thought he completed a "few more" than six hours of community service; he testified that he provided a medical excuse for his failure to complete any additional hours. The probation officer testified no such documentation was contained in the file and Bravo did not bring any such documentation to the trial court as proof of his medical

condition or his previous documentation to the probation office. We defer to the trial court's findings on credibility of the witnesses and the weight to be given their testimony. *See Brown*, 354 S.W.3d at 519.

Bravo further testified that after the officer stopped Bravo's vehicle on June 19, 2016, he exited his vehicle and ran. He proceeded to explain how he jumped over a fence into an individual's backyard, accidentally fell into the individual, and then described how he and the individual were injured during the arrest. Bravo offered the trial court an explanation for his actions, his concern for his son, but fully acknowledged running from the officers.

Based on Bravo's testimony alone, and viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the evidence is sufficient to support the State's preponderance of the evidence burden as to both the failure to complete his community service/restitution hours (Violation No. 14) and committing an offense against the laws of the State—evading arrest (Violation No. 1). *See Tapia*, 462 S.W.3d at 41.

Accordingly, we overrule Bravo's sole issue on appeal.

Patricia O. Alvarez, Justice

DO NOT PUBLISH